STATE OF NORTH CAROLINA v. DERRICK JOVAN McRAE

No. COA03-261

(Filed 6 April 2004)

**1. Criminal Law— competency to stand trial—retrospective hearing—trial judge as presiding judge—failure to show bias**

It was not error in a first-degree murder case for the same trial judge to have been the hearing judge in a retrospective competency hearing, because: (1) there was nothing in the transcript or record that suggested that the trial judge intervened as a witness in this case over a disputed fact; (2) defendant failed to show any bias, interest, or prejudice by the trial judge in conducting the retrospective competency hearing; and (3) no constitutional, statutory, or code of judicial conduct requires a per se recusal of a trial judge in a retrospective competency hearing.

**2. Criminal Law— competency to stand trial—retrospective hearing—findings—observations of trial judge**

The trial judge did not err in an order following a retrospective competency hearing by making a finding referring to his observations as judge at defendant's original murder trial and retrial without making findings as to what those observations were where the reference to his observations did not involve disputed facts but was used only to corroborate the undisputed facts in the record.

**3. Criminal Law— competency to stand trial—retrospective hearing—motion for new trial**

The trial court did not abuse its discretion in a first-degree murder case by concluding that a meaningful retrospective competency hearing was possible in this case and that defendant was not entitled to a new trial, because: (1) despite the passing of three years, the trial court had before it medical records leading up to three days before the 11 May 1998 trial and testimony of the last examining doctor; (2) the original trial judge conducted the retrospective hearing, and he was familiar with the parties and issues; (3) there was competent evidence that defendant was competent throughout his trial beginning 11 May 1998 including that defendant was on an antipsychotic medication during the trial; (4) contrary to defendant's contention, a doctor's 6 and 8

STATE v. McRAE

[163 N.C. App. 359 (2004)]

May 1998 exams of defendant were not cursory when they were based on six previous evaluations of defendant that had been conducted by both that doctor and another doctor; and (5) defendant's counsel raised no issue of defendant's competency, thus presenting defendant as competent.

4. **Constitutional Law— competency to stand trial—competency at retrospective hearing**

The trial court did not err in a first-degree murder case by finding that defendant was competent to proceed at a 7 June 2001 retrospective competency hearing and by proceeding with the hearing without defendant's presence, because competency hearings do not implicate defendant's confrontation rights and do not have a substantial relation to his opportunity to defend. Therefore, whether defendant was competent at the retrospective hearing did not implicate his constitutional or statutory rights.

5. **Constitutional Law— competency to stand trial—conjecture of incompetency**

The trial court did not violate the Court of Appeals' mandate in a 1 August 2000 opinion when it found defendant was competent to stand trial on 11 May 1998 but did not make such a determination as to the entire trial, because when there is no evidence beyond conjecture of a defendant's incompetency during trial, a finding of defendant's competency at the commencement of the trial is sufficient for showing he was competent throughout the trial.

6. **Criminal Law— order entered out of term and out of session—implied consent**

The trial court's 31 August 2002 order in a first-degree murder case is not null and void even though it was entered out of term and out of session, because defendant impliedly consented when he raised a new constitutional issue in his closing statement for which he tendered an extensive United States Supreme Court opinion for the trial court's review.

Judge TIMMONS-GOODSON concurring in the result.

Appeal by defendant from an order entered 17 September 2002 by Judge Sanford L. Steelman, Jr., in Richmond County Superior Court. Heard in the Court of Appeals 2 December 2003.

STATE v. McRAE

[163 N.C. App. 359 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Diana A. Reeves, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Anne M. Gomez, for defendant appellant.*

McCULLOUGH, Judge.

Defendant, Derrick McRae, was first indicted for murder on 18 March 1996. Prior to his first trial, defendant underwent six psychiatric evaluations with intervening medications: (1) On 13 December 1996, defendant was diagnosed by Dr. Nicole F. Wolfe (Dr. Wolfe) as schizophrenic and psychotic, incompetent to stand trial; (2) on 7 April 1997, defendant was found by Dr. Robert Rollins (Dr. Rollins) to be competent to stand trial if he remained on his medication; (3) on 17 September 1997, at a competency hearing, both Dr. Wolfe and the court found defendant incompetent to stand trial; (4) on 11 February 1998, Dr. Wolfe again found defendant incompetent to stand trial; on 15 March 1998, defendant was first injected with the antipsychotic drug Haldol; (5) on 6 April 1998, Dr. Wolfe found defendant capable to stand trial; on 15 April 1998, defendant was given a second injection of Haldol; and (6) on 27 April 1998, the day defendant's trial began, Dr. Wolfe again found defendant capable to stand trial. The jury rendered a deadlock verdict.

After the mistrial, a second trial was held before the same trial court. Before the defendant's second trial, Dr. Rollins gave defendant a seventh evaluation on 6 May 1998 where he was found competent to stand trial. The trial began 11 May 1998, and defendant was found guilty on 14 May 1998 of first-degree murder. He was sentenced to life without parole. Defendant appealed his judgment to this Court. In the 1 August 2000 opinion, we held that defendant had been denied due process by the trial court in failing to conduct a competency hearing on the day the trial began as seven prior and conflicting evaluations raised a *bona fide* doubt of competency pursuant to *Meeks v. Smith,* 512 F. Supp. 335, 338 (W.D.N.C. 1981). We remanded defendant's case to determine whether it was possible for a retrospective competency hearing to be held effectively, and if so, to hold such a hearing to determine defendant's competency at the time of trial.

The original trial court then held a retrospective competency hearing on 7 June 2001 and 31 August 2001. The retrospective competency hearing was found to be possible, and defendant was found to be competent at the time of the 11 May 1998 trial. The findings of

fact and conclusions of law were then entered in an order dated 17 September 2002. Defendant's prior judgment was thereby sustained. Defendant appealed.

Defendant raises seven issues on appeal. Issues (I) and (II) of defendant's brief contend that the same trial judge should not have been the hearing judge in the retrospective competency hearing as he was a witness to the 11 May 1998 trial; issue (III) alleges that the trial judge did not make adequate findings as to his impressions of defendant during the 11 May 1998 trial; issue (IV) alleges that it was impossible to hold a retrospective determination of competency; issue (V) alleges defendant was incompetent to participate in the retrospective competency hearing and should have been granted his motion for rehearing; issue (VI) alleges the trial court did not follow the mandate of our 1 August 2000 opinion regarding a finding of defendant's competency at the time of trial; and finally, defendant argues in issue (VII) that the trial court's 31 August 2002 order is null and void because it was entered out of term and out of session. Pursuant to the legal analysis on each of these issues set out below, we find there was no error in the trial court's 7 June 2001 and 31 August 2001 retrospective competency hearing, nor in the subsequent 31 August 2002 written order.

## I.  Original Trial Judge Conducting the Retrospective Competency Hearing

[1] Defendant contends that the 11 May 1998 trial judge was the improper judge to make the retrospective competency determinations. Defendant argues he was denied his constitutional right to confront witnesses against him because the trial judge was not subject to cross-examination as to his observations of defendant during the second trial, observations which defendant alleges were the basis of the court's finding of competency. In a separate issue, consolidated in this opinion, defendant argues that the trial judge should have disqualified himself under N.C. Gen. Stat. § 15A-1223(e) (2003). We disagree and conclude that the trial judge acted without error in presiding over the retrospective competency hearing.

### A.  Constitutional Right to Confront Witnesses

Defendant argues that his state and federal constitutional rights were violated when the trial court took into account its own recollections from the 11 May 1998 trial for its findings in the order from the retrospective competency hearing. Specifically, defendant cites

*Tyler v. Swenson*, 427 F.2d 412, 416 (8th Cir. 1970), a federal habeas corpus case where the trial judge also presided over a post-conviction evidentiary hearing to determine whether the petitioner's plea had been made involuntarily. Defendant cites *Tyler*, arguing it is error for a trial judge to "weigh[] his own *recollection* of events in making his findings." *Id.*

While we note the importance of the principles set forth in *Tyler* and its recitation of applicable law, we conclude that the facts of this case are distinguishable from that case's narrow and egregious circumstances. In *Tyler*, during the post-conviction hearing, the trial judge became engaged with the petitioner's trial counsel in a dispute over their respective recollections of the facts. This escalated to the point that petitioner's attorney was ultimately held in contempt of court. Also during the hearing, after testimony by petitioner's mother as to what occurred in her presence while in the judge's chambers, the trial judge made a statement that petitioner's mother had in fact never been in the court's chambers. Ultimately, the trial judge made findings of disputed facts that the events had not taken place as petitioner and the other witnesses had testified, but as he recalled.

The Eighth Circuit found that the trial judge had violated the petitioner's right to confrontation and due process when his statements during the rehearing were the only testimony offered to dispute defendant's claim of an involuntary plea. The court in *Tyler* stated:

> To avoid misunderstanding, we note that it is not our intention by this decision to retreat from the federal and state decisions which accurately point up the recognition that the trial court, familiar with the prior proceedings, generally represents the better and more expeditious forum for post-conviction proceedings.
>
> We thus make clear, as do the above cases, that a trial judge is not to be disqualified simply because he is familiar with the proceedings and supplements the record with *observations*. Nor do a trial judge's supplemental statements into the record make him a material witness, unless he offers *disputed and material testimony* which is challenged by the petitioner. In the instant case it is particularly significant that the trial judge's recollection was the *only* testimony which refuted petitioner's claim, a claim which challenged the propriety of the judge's prior conduct.

*Tyler*, 427 F.2d at 417 (citations omitted) (emphasis added).

The facts of this case do not implicate the holding in *Tyler*. Defendant points to nothing in the transcript from the retrospective competency hearing, neither in the form of questions nor assertions, as material testimony by the trial judge as to a disputed fact. The trial judge asked Dr. Rollins only a few questions relating to the timing and dosage of defendant's medication around the 11 May 1998 trial. Furthermore, the State elicited ample undisputed testimony of defendant's competency before the 11 May 1998 trial in the cross-examination of Dr. Rollins.

In finding of fact no. 8 in his written 31 August 2002 order, the trial judge stated, "The undersigned Judge was also present at both trials of the defendant, and observed everything that transpired in the course of these trials." In this finding, the trial judge is merely acknowledging the point reiterated in *Tyler* that the trial court, "familiar with the prior proceedings, generally represents the better and more expeditious forum for post-conviction proceedings." *Id.* There is nothing in the transcript or record that suggests that the trial judge intervened as a witness in this case over a disputed fact. While it is unclear what the trial judge's observations were, even assuming he observed defendant to be competent at the original two trials, this is only corroborative of evidence elicited by the State at the retrospective competency hearing that was undisputed. *See United States v. Smith*, 337 F.2d 49, 54 (4th Cir. 1964), *cert. denied*, 381 U.S. 916, 14 L. Ed. 2d 436 (1965).

### B.  Judicial Disqualification

Defendant next contends that the trial judge should have disqualified himself from the retrospective competency hearing pursuant to N.C. Gen. Stat. § 15A-1223(e), which states in relevant part: "A judge must disqualify himself from presiding over a criminal trial or proceeding if he is a witness for or against one of the parties in the case." Defendant argues that, because the trial judge witnessed the 11 May 1998 trial, and because he was essentially a witness for the State as to his observations, he was bound by this statute. We cannot agree and find the State's argument persuasive on this point.

Our Supreme Court has held that N.C. Gen. Stat. § 15A-1223 and Canon 3 of the Code of Judicial Conduct "control the disqualification of a judge presiding over a criminal trial." *State v. Scott*, 343 N.C. 313, 325, 471 S.E.2d 605, 612 (1996). Under Canon 3(C)(1)(a) of the North Carolina Code of Judicial Conduct,

(1) [A] judge should disqualify himself in a proceeding in which his impartiality may reasonably be questioned, including but not limited to instances where:

(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings[.]

Upon our review to determine whether a judge should have disqualified himself under N.C. Gen. Stat. § 15A-1223(e) and Cannon 3, the burden is placed upon the defendant to show

" 'objectively that grounds . . . exist . . . consist[ing] of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially.' " The bias, prejudice, or interest which requires a trial judge to be recused from a trial has reference to the personal disposition or mental attitude of the trial judge, either favorable or unfavorable, toward a party to the action before him.

*Scott*, 343 N.C. at 325, 471 S.E.2d at 612.

Defendant has failed to show any bias, interest, or prejudice by the trial judge in conducting the retrospective competency hearing. A reading of the transcript reveals nothing but an impartial hearing, during which any question or point made by the trial judge was for clarification to benefit himself and both parties. Defendant's argument is one requiring *per se* recusal by the trial judge in a retrospective competency hearing. We conclude no constitutional, statutory, or code of judicial conduct requires this; and we hold such a *per se* rule would be inconsistent with considerations of efficient judicial administration favoring a presiding judge's familiarity with relevant matters.

Therefore, we overrule issues (I) and (II) concerning the propriety of the same trial judge presiding over a subsequent retrospective competency hearing, as the record and transcript show no evidence of constitutional, statutory, or code of conduct violations.

## II. Trial Judge Did Not Specify His Observations During the First Two Trials

[2] In his written order, the trial judge made finding of fact no. 8, stating: "[t]he undersigned Judge was also present at both of the trials of the defendant, and observed everything that transpired in the course of these trials." Defendant contends this finding is insufficient because the trial judge failed to make any findings as to what his

observations were, and thus a reviewing court cannot determine whether his observations are actually disputed facts for which the court must provide a basis.

We agree with defendant that finding of fact no. 8 suggests or implies that the trial judge observed the defendant to be competent during both trials. However, considering that a trial judge has a duty, *sua sponte*, to call a competency hearing when there is a *bona fide* question during the course of a trial as to whether defendant is competent to stand trial, the fact that he did not call such a hearing already suggests he found defendant competent during the second trial. *See State v. Young*, 291 N.C. 562, 568, 231 S.E.2d 577, 581 (1977). Therefore, nothing is added by finding of fact no. 8 that is not already implied by the fact that we remanded the case back to the trial level to conduct the competency hearing. The finding suggests that the only weight that was placed on his observations was to corroborate the undisputed facts presented at the hearing. *See State v. Chaplin*, 122 N.C. App. 659, 663, 471 S.E.2d 653, 656 (1996) (failure to make findings does not prevent review by the appellate court if the information before the trial court is not in dispute).

At the hearing, upon the cross-examination of Dr. Rollins, the State elicited the following undisputed testimony:

Q: Did you notice anything about Mr. McRae, again, just with the observation in May of 1998, which would determine his competency to stand trial? Did you notice any indication from Mr. McRae where any of the other tests that Mr. Goodwin talked about, CAT scans, short-term memory tests, visual recall tests, information processing, did you find any indication any of those were necessary for you to form an opinion based on your training and experience?

A: No, they were not indicated, in my opinion.

Furthermore, it is undisputed that defendant received two injections of Haldol to treat his mental disorder, the second dosage administered on 15 April 1998. It is also undisputed that the 11 May 1998 trial was conducted within the approximate window of the medication's stabilizing effect. Defendant offered no testimonial evidence that he was not competent to stand trial on 11 May 1998, and only offered testimony at the hearing questioning Dr. Rollins' methodology. Defendant's only real disputed fact is whether the Haldol had worn off before the end of the 11 May trial, a contention supported only by

conjecture. Therefore, the trial judge did not err in making his finding of fact no. 8 referring to his observations as judge where the reference to his observations were only used to corroborate the undisputed facts in the record.

## III. Retrospective Competency Hearing and Defendant's Competency

[3] Defendant next argues that it was impossible to hold a meaningful retrospective competency hearing in this case, and therefore he should have been granted a new trial. He argues that the hearing was not possible because there was a three-year hiatus between the trial at issue and the retrospective hearing, that the defendant's competency fluctuated for the two years preceding the trial, and that the last competency evaluation, conducted by Dr. Rollins, occurred several days before the trial and was cursory. As to each of these arguments, we disagree.

The defendant's case is the first in North Carolina to utilize the retrospective competency hearing as an alternative remedy to a new trial in cases where the trial judge failed to conduct a necessary competency hearing at the initial trial. This remedy is disfavored due to the inherent difficulty in making such *nunc pro tunc* evaluations. *See Drope v. Missouri*, 420 U.S. 162, 183, 43 L. Ed. 2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815 (1966); *Dusky v. United States*, 362 U.S. 402, 4 L. Ed. 2d 824 (1960). This Court, when remanding defendant's case to the trial court to determine whether a meaningful retrospective competency hearing could be held, stated:

> The trial court is in the best position to determine whether it can make such a retrospective determination of defendant's competency. Thus, if the trial court concludes that a retrospective determination is still possible, a competency hearing will be held, and if the conclusion is that the defendant was competent, no new trial will be required.

*State v. McRae*, 139 N.C. App. 387, 392, 533 S.E.2d 557, 560-61 (2000) *(McRae I); see also United States v. Di Gilio*, 538 F.2d 972 (3d Cir. 1976), *cert. denied, Lupo v. United States*, 429 U.S. 1038, 50 L. Ed. 2d 749 (1977). Once remanded under this remedy, competency is determined under appropriate standards pursuant to N.C. Gen. Stat. § 15A-1001(a); *see also State v. Davis*, 349 N.C. 1, 21-22, 506 S.E.2d 455, 466 (1998), *cert. denied*, 526 U.S. 1161, 144 L. Ed. 2d 219 (1999). It is defendant's burden of proof to show that he lacked the capacity

to proceed. *State v. O'Neal*, 116 N.C. App. 390, 395, 448 S.E.2d 306, 310, *disc. review denied*, 338 N.C. 522, 452 S.E.2d 821 (1994).

While the retrospective competency hearing is a disfavored remedy, once an appellate court remands the case on the grounds that such a hearing be held, the trial court's conclusions as to whether a meaningful hearing can be held should be reviewed under an abuse of discretion standard as if making the determination before trial. *See United States v. Mason*, 52 F.3d 1286, 1289-90 (1995). As for the ultimate issue of defendant's competency to stand trial, the court's findings of fact on this issue, if supported by "competent evidence," are then conclusive on appeal. *State v. Willard*, 292 N.C. 567, 575, 234 S.E.2d 587, 592 (1977).

We hold the court did not abuse its discretion in making its determination that a meaningful competency hearing could be held. Despite the passing of three years, before the court were numerous medical records leading up to three days before the 11 May 1998 trial, and testimony of the last examining doctor, Dr. Rollins. Additionally, having the original trial judge conduct the retrospective competency hearing would benefit a meaningful hearing due to his familiarity with the parties and issues.

Furthermore, we conclude there is "competent evidence" that defendant was competent throughout his trial beginning 11 May 1998. There is a significant and undisputed quantum of evidence that during the times defendant was on an antipsychotic medication, he was found competent by Dr. Rollins and Dr. Wolfe: on 7 April 1997 (Dr. Rollins); on 6 April 1998 (Dr. Wolfe); on 27 April 1998 (Dr. Wolfe); and on 6 & 8 May 1998 (Dr. Rollins). Defendant's competency did not necessarily fluctuate as defendant argued in his brief. Dr. Rollins' testimony and the record show defendant's competency was actually constant so long as he remained on his medication. While at the end of the Haldol medication's approximate coverage term (4 weeks), defendant was under the antipsychotic medication at all times during the second trial. *See State v. Buie*, 297 N.C. 159, 160-61, 254 S.E.2d 26, 27-28, *cert. denied*, 444 U.S. 971, 62 L. Ed. 2d 386 (1979) (where our Supreme Court held that the fact defendant was competent to stand trial only as a result of taking medication for paranoid schizophrenia did not change the result of his competency).

Defendant also argues that Dr. Rollins' 6 and 8 May 1998 exams were cursory, and put on the testimony of Dr. Nathan Strahl in support of this. However, Dr. Rollins' experience and his evaluation was

based on the six previous evaluations of defendant that had been conducted by both Dr. Wolfe and him.

Finally, courts often look to whether the defense attorney has disputed competency before trial as evidence of competency. Because defense counsel is usually in the best position to determine that the defendant is able to understand the proceedings and assist in his defense, it is well established that significant weight is afforded to a defense counsel's representation that his client is competent. *See United States v. Morgano*, 39 F.3d 1358, 1374 (7th Cir. 1994); *United States v. Teague*, 956 F.2d 1427, 1432 (7th Cir. 1992). At the 11 May 1998 trial, defendant's counsel raised no question of his competency, thus presenting defendant as competent. We hold this to be "competent evidence" supporting the trial judge's determination that defendant was competent during the 11 May 1998 trial.

Therefore, the trial judge faithfully carried out the first order from this Court, and did not abuse its discretion for finding that a meaningful competency hearing could still be held. Furthermore, there is evidence of record to support the finding of competency.

### IV. 7 June 2001 Retrospective Competency Hearing

[4] Defendant next contends that the trial court erred in when it found that defendant was competent to proceed at the 7 June 2001 retrospective competency hearing. Additionally, he argues the court erred in proceeding with the hearing without the presence of defendant, violating his constitutional and statutory rights. We disagree.

The applicable statute for determining competency is N.C. Gen. Stat. § 15A-1001(a) (2003), the purpose of which is to determine whether defendant is or was capable to stand trial. Our Supreme Court has held that these hearings "[do] not implicate defendant's confrontation rights and [do] not have a substantial relation to his opportunity to defend." *Davis*, 349 N.C. at 18, 506 S.E.2d at 464. Therefore, whether or not defendant was competent at the 7 June 2001 retrospective competency hearing does not implicate his constitutional or statutory rights.

Pursuant to *Davis*, we overrule this assignment of error.

### V. Competency based on Evidence Preceding the Second Trial

[5] Defendant next argues that the trial judge did not follow the mandate of this Court when he found defendant was competent to stand

trial on 11 May 1998, but did not make such a determination as to the entire trial. We disagree.

In our remand order, this Court stated:

> [W]e remand this case for a hearing to determine the defendant's competency at the time of trial, pursuant G.S. 15A-1002. If the trial court determines that a retrospective determination is still possible, the court should review the evidence which was before it *preceding defendant's second trial*, to wit, any psychiatric evaluations and presentations by counsel. If the trial court concludes from this retrospective hearing that defendant was competent at the time of trial, no new trial is required.

*McRae I*, 139 N.C. App. at 394, 533 S.E.2d at 562 (emphasis added). This was ordered because a trial judge is required to hold a competency hearing when there is a *bona fide* doubt as to the defendant's competency. *Meeks*, 512 F. Supp. at 338.

The *bona fide* doubt in this case requiring the trial court to hold the competency hearing was due to the evidence of the temporal nature of defendant's competency and his unwillingness to take his medication. All of this evidence came before defendant's second trial. The only evidence that defendant may not have been competent during the second trial was that he was due for another injection of Haldol on the last day of trial, 14 May 1998. We hold that this conjecture, without more, does not raise a *bona fide* doubt that would require the trial judge to include in his competency hearing a determination of defendant's competence throughout the entire trial. Defendant offered no evidence to bolster the conjecture that his medication had worn off before the end of the second trial.

We remanded the case to determine competency upon the evidence where the *bona fide* doubt actually existed. Thus, we held the trial court had not reacted properly to the evidence "preceding defendant's second trial." We did not order a finding of defendant's competency during the trial as no evidence of incompetence during the second trial was offered. *McRae I*. When there is no evidence beyond conjecture of a defendant's incompetency during trial, we hold that a finding of defendant's competency at the commencement of the trial is sufficient for showing he was competent throughout the trial.

The trial judge correctly followed the mandate of our remand order, and properly considered the evidence of defendant's compe-

tency at the time of trial. Thus, we overrule all assignments of error as to this argument.

## VI. Order Entered Out of Term and Out of Session

[6] In his last contention, defendant argues that, because the trial judge's order was entered out of term and out of session on 31 August 2002, a year after the retrospective competency hearing adjourned, the order is null and void. Under the circumstances of this case, we disagree.

In *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984), our Supreme Court stated that

> "judgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at a term must be made in the county and at the term when and where the question is presented, and . . . except by *agreement of the parties* or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice of the parties interested."

*Id.* at 287, 311 S.E.2d at 555 (emphasis added) (quoting *State v. Humphrey*, 186 N.C. 533, 535, 120 S.E.2d 85, 87 (1923)). An "agreement of the parties" may be one of implied consent reasonably deduced from the circumstances of the case. *State v. Abney*, 318 N.C. 412, 348 S.E.2d 813 (1986).

Though not an issue under mandate by the previous opinion of this Court, the defendant's counsel, in his closing argument of the retrospective competency hearing, argued that defendant had unconstitutionally been forcibly injected with Haldol. Defendant argued:

> And the court can look at that, I think, sua sponte if you care to. And I'm going to ask the court to address that issue in this case about whether or not he was forcible medicated[.]

And then, just before finishing his closing statement, defendant offered to the court a United States Supreme Court case on the issue, stating:

> Schizophrenia has negative symptomatology, Your Honor. And that's hard to identify. Judge, I've got the case for you in dealing with the injection issue. It's Riggins versus Nevada. Again, a long case. But I would certainly ask, Judge, if you would review this case—

(Document tendered to the Court.)

Mr. Goodwin: —prior to making any ruling on these matters.

We hold defendant, raising a new constitutional issue in his closing statement for which he tendered an extensive United States Supreme Court opinion, impliedly consented to the trial judge issuing an order out of term and out of session. Therefore, we find the trial court's order valid and in effect.

After a close reading of the briefs, the record, and the transcript, we conclude that the trial judge followed the mandate of this Court without error.

No error.

Judge WYNN concurs.

Judge TIMMONS-GOODSON concurs in the result with separate opinion.

TIMMONS-GOODSON, Judge, concurring in the result.

I agree with the majority's conclusion that the trial court did not err in its decision to hold a retrospective competency hearing or its conclusion that defendant was competent at his 11 May 1998 trial. However, because this case involves the Court's first opportunity to focus on retrospective competency hearings and their requirements, I write separately to emphasize the inherent difficulties associated with retrospective competency hearings and to distinguish this case from those cases where the decision to hold a retrospective competency hearing would be in error.

As the majority points out, in our first inquiry into this matter, we remanded the case to the trial court, whom we concluded was in the best position to determine whether "a meaningful hearing on the issues of the competency of the defendant at the prior proceedings [was] still possible." *State v. McRae*, 139 N.C. App. 387, 392, 533 S.E.2d 557, 561 (2000). I believe the difficulties in making such a determination should not be underestimated. Trial judges in this state try hundreds of different cases involving hundreds of different criminal defendants each year and thousands of cases involving thousands of different criminal defendants over the course of their term. Therefore, recollecting with certainty the competence of one particu-

lar defendant tried several years ago is a monumental task, ripe with inherent difficulties that have been repeatedly noted by the United States Supreme Court and other courts in this country. *See, e.g., Drope v. Missouri*, 420 U.S. 162, 183 (1975); *Pate v. Robinson*, 383 U.S. 375, 387 (1966); *Dusky v. United States*, 362 U.S. 402, 403 (1960); *McGregor v. Gibson*, 248 F.3d 946, 963 (10th Cir. 2001); *Lafferty v. Cook*, 949 F.2d 1546, 1556 (10th Cir. 1991), *cert. denied*, 504 U.S. 911 (1992).

In the case *sub judice*, the trial court was asked to determine the competence of a defendant indicted and tried for murder four years earlier and again tried two years earlier. In September 2002, when the trial court issued its order regarding defendant's competence at trial, the relevant trial had taken place over four years earlier. In *Lafferty*, the 10th Circuit Court of Appeals held a retrospective hearing impractical because the inherent difficulties of the hearing were aggravated by a six-year delay. 949 F.2d at 1556. Similarly, in *United States v. Roca-Alverez*, 474 F.2d 1274, 1274 (5th Cir. 1973), the 5th Circuit Court of Appeals held that a retrospective competency hearing was impractical because the inherent difficulties of the hearing were aggravated by a two-year delay.

However, the mere passage of time between the trial and a retrospective competency hearing has not been determinative where there has been sufficient evidence made contemporaneous with the trial regarding the defendant's competency. *See* United *States v. Makris*, 535 F.2d 899, 904 (5th Cir. 1976), *cert. denied*, 430 U.S. 954 (1976) (two-and-one-half years between trial and retrospective competency hearing); *Bruce v. Estelle*, 536 F.2d 1051, 1057 (5th Cir. 1976), *cert. denied*, 429 U.S. 1053 (1977) (nine years between trial and retrospective competency hearing); *Conner v. Wingo*, 429 F.2d 630, 637 (6th Cir. 1970), *cert. denied*, 406 U.S. 921 (1972) (four-and-one-half years between trial and retrospective competency hearing). In *Bruce*, the 10th Circuit Court of Appeals held that "[a] reliable reconstruction of petitioner's mental status [at the time of trial] depends less on time than on the state of the record. Especially where medical information substantially contemporaneous to trial is available, the chances for an accurate assessment increase." 536 F.2d at 1057 (citing *Holloway v. United States*, 343 F.2d 265 (D.C. Cir. 1964)); *See United States v. Mason*, 52 F.3d 1286, 1293 (4th Cir. 1995).

In the case *sub judice*, I believe there was substantial evidence made contemporaneous to trial that was available to the trial court

when it made its determination to proceed with the retrospective competency hearing. As the majority points out, the trial court had before it numerous records from defendant's examiners leading up to three days before trial. The trial court could also consider the testimony of four examining doctors, including defendant's last examining doctor, Dr. Robert Rollins. Finally, the trial court judge could properly consider the recollections of non-experts as well as his own observations, because even non-experts "had the opportunity to interact with defendant during the relevant period [and] may in some instances provide a sufficient base upon which a factfinder may rest decision that even a belated determination will be accurate." *Makris*, 535 F.2d at 905.

While I agree with the decision today, I write separately to underscore the critical significance the sufficiency of the trial court record had upon my conclusion that the trial court acted properly in proceeding with the retrospective competency hearing. As noted *supra*, the time between the trial and the retrospective competency hearing becomes critical where the record of a defendant's competency contemporaneous with trial is deficient. Therefore, where a retrospective competency hearing and determination is based upon "conflicting reports, a cold, sparse record, and the recollection of those who saw and dealt with [defendant] . . . years ago," that hearing will be a "*wholly inadequate substitute*" for a concurrent hearing, and its determination will be reversed. *Silverstein v. Henderson*, 706 F.2d 361, 369 (2nd Cir. 1983), *cert. denied*, 464 U.S. 864 (1983) (citations omitted). However, because the quality of the record before the trial court when the competency determination was made in the case *sub judice* was substantial and allowed a detailed inquiry into defendant's competence on 11 May 1998, I feel that the retrospective competency hearing was an adequate substitute for the concurrent hearing provided by N.C. Gen. Stat. § 15A-1002 (2003). Therefore, I conclude that the trial court did not err in its decision to hold a retrospective competency hearing or its conclusion that defendant was competent at his 11 May 1998 trial.