STATE OF NORTH CAROLINA v. SAMUEL CLINT BLANCHER

No. COA04-260

(Filed 3 May 2005)

## 1. Criminal Law— mental capacity—retrospective competency hearing

The trial court did not abuse its discretion in a common law robbery case by proceeding with trial when defendant had not been evaluated to determine if he was competent to proceed, because: (1) despite the fact that the first ordered evaluation was not completed, defendant did not inform the court of the refused admission at Dorothea Dix hospital, request an additional order, or raise the lack of evaluation prior to the start of the common law robbery trial when the trial court inquired about unresolved pretrial matters; (2) no questions about defendant's mental capacity were raised during the trial; (3) despite raising pretrial the issue of competence, defendant failed to assert this statutory right before or during the trial and there was no evidence that defendant was not capable of assisting in his own defense other than the statement of defense counsel in the motion for an evaluation; (4) the court held a retrospective competency hearing before defendant's habitual felon trial, found defendant competent, and noted that he had not been hearing voices or had suicidal thoughts as stated in the original motion; and (5) at the competency hearing, defendant's first attorney testified that defendant was competent in aiding his defense and understood the proceedings against him.

## 2. Appeal and Error— preservation of issues—motion for mistrial—failure of juror to disclose prior felony conviction

Although defendant contends the trial court erred in a common law robbery case by failing to declare a mistrial when one of

the deliberating jurors failed to disclose during voir dire that she had a prior felony conviction, defendant failed to preserve this issue for appellate review because: (1) the information was acquired after the jury retired to deliberate, the trial court questioned the juror out of the presence of the other jurors, and the trial court permitted the juror to resume deliberations with the other jurors without objection by defendant; and (3) defendant did not move for a mistrial.

Appeal by defendant from judgments entered 12 September 2002 by Judge James W. Morgan in Lincoln County Superior Court. Heard in the Court of Appeals 7 March 2005.

*Roy A. Cooper, III, Attorney General, by Fred Lamar, Assistant Attorney General, for the State.*

*Eric A. Bach for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was indicted for common law robbery and for being an habitual felon. Prior to trial, an order was entered committing defendant to Dorothea Dix Hospital for examination with respect to his capacity to proceed. This evaluation was not completed prior to trial because Dix would not accept defendant for evaluation, and he was returned to the Lincoln County Jail.

At trial, the evidence tended to show that on 16 May 2001, while paramedics were assisting defendant at the scene of an automobile accident, they discovered a large amount of cash in small bills when they cut open his pant leg. An additional fifty dollar bill was found in a prescription pill bottle in defendant's automobile and transported to the hospital. Earlier in the day, a convenience store had been robbed and the cashier testified a fifty dollar bill, twenty-four five dollar bills, five twenty dollar bills and two packages of one dollar bills had been stolen. The cashier positively identified defendant as the robber in a photo line-up. Defendant offered evidence tending to show that he was at Chad Varner's house at the time of the robbery and that he was carrying a large amount of cash to pay a traffic fine the next day.

The jury returned a verdict of guilty of common law robbery. After the verdict was read, defendant accused his trial counsel of ineffective assistance of counsel. The court permitted counsel to withdraw and appointed new counsel for the habitual felon charge. Upon counsel's motion, another order for a forensic evaluation was

entered on 27 March 2002, which appropriately requested that defendant be evaluated at Central Prison by Dix authorities. On 11 September 2002, prior to the commencement of trial on the habitual felon charge, a competency hearing was held and the court found the defendant was and had been capable of proceeding. The jury convicted defendant of being an habitual felon and defendant was sentenced to a minimum term of 125 months and a maximum term of 159 months. Defendant appeals.

On appeal defendant argues that the trial court erred by: 1) proceeding with the common law robbery trial when he had not been evaluated to determine if he was competent to proceed; and 2) failing to declare a mistrial when one of the deliberating jurors failed to disclose that she had a prior felony conviction.

[1] A defendant is considered incapable of proceeding to trial if "he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner." *State v. King*, 353 N.C. 457, 465-66, 546 S.E.2d 575, 584 (2001), *cert. denied*, 534 U.S. 1147, 151 L. Ed. 2d 1002 (2002) (quoting N.C. Gen. Stat. § 15A-1001(a)). The question of a defendant's capacity may be raised at anytime on motion by the prosecutor, defense counsel, defendant, or the court, and, if raised, the trial court is required to hold a hearing to determine the defendant's capacity to proceed. N.C. Gen. Stat. § 15A-1002 (2003). This benefit, however, may be waived by a defendant. *See State v. Young*, 291 N.C. 562, 567, 231 S.E.2d 577, 580 (1977) (waiving defendant's statutory right to a hearing to determine capacity to proceed due to his failure to raise it).

The motion to have defendant evaluated for capacity to proceed was based on a history of closed head injuries, trouble focusing or retaining information, and defendant's statement that he heard voices and had suicidal thoughts. Despite the fact that the first ordered evaluation was not completed, defendant did not inform the court of the refused admission at Dorothea Dix, request an additional order, or raise the lack of evaluation prior to the start of the common law robbery trial, when the trial court inquired about unresolved pre-trial matters. Our review of the record reveals that no questions about defendant's mental capacity were raised during the trial.

Despite raising, pre-trial, the issue of competence, defendant failed to assert this statutory right before or during the trial. While the failure to assert the right to a competency hearing does not eliminate

a trial court's statutory duty to hold a competency hearing where the court has before it substantial evidence of a defendant's mental incapacity, *Young*, 291 N.C. at 568, 231 S.E.2d at 581, other than the statement of defense counsel in the motion for an evaluation, there was no evidence before the trial court that defendant was not capable of assisting in his own defense.

Moreover, the court held a retrospective competency hearing before defendant's habitual felon trial. Defendant argues that this did not adequately protect his rights. We disagree. Although a retrospective competency hearing is disfavored, "the ultimate issue of defendant's competency to stand trial, the court's findings of fact on this issue, if supported by competent evidence, are then conclusive on appeal." *State v. McRae*, 163 N.C. App. 359, 368, 594 S.E.2d 71, 78, *disc. review denied*, 358 N.C. 548, 599 S.E.2d 911 (2004). In *McRae*, almost three years passed before the trial court conducted the retrospective competency hearing. 163 N.C. App. at 367, 594 S.E.2d at 77. In contrast, the competency evaluation here was completed four months after trial, and the competency hearing was conducted nine months after defendant's common law robbery conviction and prior to the habitual felony conviction and sentencing. The evaluation found defendant competent and noted that he had not been hearing voices nor had suicidal thoughts as stated in the original motion.

Furthermore it is well established that the court gives significant weight to defense counsel's representation that a client is competent, since counsel is usually in the best position to determine if his client is able to understand the proceedings and assist in his defense. *McRae*, 163 N.C. App. at 369, 594 S.E.2d at 78. At the competency hearing, defendant's first attorney testified that at the time of the common law robbery trial, his client was competent in aiding his defense and understood the proceedings against him. Counsel invoked attorney-client privilege when questioned about why he did not re-apply for a competency evaluation. Defendant also testified that his condition was "worse now" than it ever was. The trial court did not abuse its discretion by determining that a meaningful competency hearing could be held and its conclusion that defendant had the capacity to proceed was supported by competent evidence.

[2] In his second argument, defendant maintains that a mistrial should have been declared when a seated juror did not reveal her felony conviction during the voir dire of the jury. When moving for a

new trial based on juror misrepresentation, the movant "must show: (1) the juror concealed material information during *voir dire*; (2) the moving party exercised due diligence during *voir dire* to uncover the information; and (3) the juror demonstrated actual bias or bias implied as a matter of law that prejudiced the moving party." *State v. Buckom*, 126 N.C. App. 368, 381, 485 S.E.2d 319, 327, *cert. denied*, 522 U.S. 973, 139 L. Ed. 2d 326 (1997). N.C. Gen. Stat. § 9-3 states that convicted felons are subject to be challenged for cause but does not automatically disqualify a convicted felon from serving as a juror. N.C. Gen. Stat. § 9-3 (2003).

Here, after the jury retired to deliberate, the prosecutor received information that one of the jurors had been convicted of felony embezzlement. He requested a recess to examine the State's options. Defense counsel, after speaking with defendant off the record, declined to interrupt the deliberations, and did not object to the recess. The next morning, the State decided it did not wish to examine the juror; after conferring with his client, defense counsel requested a bench conference, after which the trial court questioned the juror out of the presence of the other jurors. During this questioning, the juror admitted she had been convicted ten years ago, served her sentence, and stated that she honestly did not understand how to answer to the question when asked at voir dire. Without objection by defendant, the trial court permitted the juror to resume deliberations with the other jurors. Defendant did not move for a mistrial. We do not believe defendant has preserved the issue for appellate review. *State v. Haselden*, 357 N.C. 1, 10, 577 S.E.2d 594, 600, *cert. denied*, —— U.S. ——, 157 L. Ed. 2d 382 (2003).

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Judges HUDSON and JACKSON concur.