STATE OF NORTH CAROLINA
v.
JERRY FASON GAMBLE
No. COA08-502
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication.
Attorney General Roy Cooper, by Assistant Attorney General Edwin Lee Gavin II, for the State.
Jarvis John Edgerton IV for defendant appellant.
McCULLOUGH, Judge.
On 13 November 2006, defendant was indicted on charges of felonious breaking and entering, felonious larceny, and misdemeanor resisting a public officer. He was also charged with attaining habitual felon status.
The felonious breaking and entering and larceny stemmed from an incident at 10:40 p.m. on 14 September 2006, when a Winston-Salem police officer saw defendant enter Trade Street in Winston-Salem from a lot behind the Winston-Salem Rescue Mission ("Rescue Mission"). Defendant was carrying a leaf blower and a weed eater. Believing it to be unusual for someone to be carrying such items at that hour, the officer approached defendant, who then dropped the items and ran away. After the officer chased and apprehended defendant, a search incident to arrest showed defendant had a tin snip and tire iron on his person. An investigation at the Rescue Mission revealed the items belonged to the Rescue Mission.
At the close of the evidence for the State, defendant moved to dismiss the charges. The trial court denied the motion. Defendant chose not to testify and offered no other evidence. On return of the verdicts of guilty, defendant renewed his motion to dismiss the charges. The trial court announced that it would take the motion under advisement but of necessity would proceed with the trial of the habitual felon status indictment. The trial court thereafter requested both parties brief an issue concerning the breaking and entering jury charge. The Assistant District Attorney requested that the court receive briefs and hear arguments on 30 November 2006 (last day of term).
The following colloquy then occurred in defendant's presence:
Defendant's counsel: Judge, I have a bunch of PC cases tomorrow. I have at least two clients that I have not been able to see yet, and they've got cases up for tomorrow. I could do it by Monday or Tuesday. And my other problem is that a lot of people in our office are gone to a conference so I don't have an assistant.
The court: Well, I think [the assistant district attorney] probably feels the same way, although I'm sure she'll be passing it around in her office, like Defendant's counsel: I'm just telling you that with my schedule I couldn't do it tomorrow.
The court: I don't want to do it tomorrow. I would like to hear it next Thursday. Now, if either one of you are in trial, we will change the date.
Assistant district attorney: Is there any particular time?
The court: Let's plan for two o'clock. But if I'm in the middle of a civil trial, I'll get in touch with both of you and we'll do it whenever we can.
Assistant district attorney: If we have it ready, would the court want us to e-mail that?
The court: If you all have your paper, what you all want to present to me  and I'm not expecting a 20 page brief or anything, but if you all just put together a fairly short and concise statement and refer me to the cases you think will support your position, I would like you to get that to me by Wednesday, if you could, of next week. That way I can be looking at them and I'll know exactly what you all are talking to me about.
(Emphasis added.)
Arguments on the briefs and sentencing were held on 6 December (out of session, out of term). Defendant now argues that the judgment was void as it was entered out of session, out of term. We disagree.
Defendant relies on the case of State v. Boone, 310 N.C. 284, 311 S.E.2d 552 (1984), for the proposition that a judgment entered out of term, out of session is void.
A session refers to the time during a term when the court sits to do business, typically the one-week assignments within the term. The term refers to the six-month assignment of superior court judges. Capital Outdoor Advertising v. City of Raleigh, 337 N.C. 150, 154 nn.1, 2, 446 S.E.2d 289, 291-92 nn.1, 2, reh'g denied, 337 N.C. 807, 449 S.E.2d 566 (1994). A judgment entered out of term and session by consent of the parties is nevertheless valid. State v. McRae, 163 N.C. App. 359, 594 S.E.2d 71, appeal dismissed, disc. review denied, 358 N.C. 548, 599 S.E.2d 911 (2004). An agreement of the parties may be one of implied consent. State v. Abney, 318 N.C. 412, 348 S.E.2d 813 (1986).
Here the defense attorney stated he could not be ready with his brief by 30 November as requested by the State. The defense counsel then offered to have the hearing on the following Tuesday or Wednesday.
Both of these dates to which the defense clearly consented were out of session, out of term. Following the sentencing on 6 December, defendant's attorney thanked the court for its consideration of his brief.
Having consented to a hearing out of session, out of term, defendant cannot object on the ground that the hearing was held on a date different from the one he suggested. The judgments entered are thus valid.
No error.
Judges TYSON and CALABRIA concur.
Report per Rule 30(e).