IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-929

Filed 15 October 2025

Watauga County, Nos. 13CRS002118-940, 13CRS002119-940, 13CRS002120-940, 13CRS002121-940

STATE OF NORTH CAROLINA

v.

JACK HOWARD HOLLARS

Appeal by Defendant from Order entered 14 September 2023 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kristin Cook McCrary, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Anne M. Gomez, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Jack Howard Hollars (Defendant) appeals from an Order entered pursuant to a Retrospective Competency Hearing concluding he was competent to stand trial on 8 January 2018. The Record before us tends to reflect the following:

On 4 May 2015, Defendant was indicted on three counts of Taking Indecent Liberties with a Child and three counts of Second-Degree Sexual Offense. Between his arrest and trial, Defendant underwent at least six forensic psychiatric evaluations

relating to his competency to stand trial, which are detailed at length in *State v. Hollars*, 266 N.C. App. 534, 833 S.E.2d 5 (2019), *aff'd*, 376 N.C. 432, 852 S.E.2d 135 (2020).

On 8 January 2018, the first day of trial, defense counsel raised concerns about Defendant's competency, but the trial court did not conduct a competency hearing. *Hollars*, 266 N.C. App. at 539, 833 S.E.2d at 8. The following morning, when questioned by the trial court, defense counsel indicated he no longer held concerns about Defendant's competency. *Id.* at 39-40, 833 S.E.2d at 8-9. Neither the trial court nor defense counsel raised the issue of Defendant's competency again during the trial. *Id.* at 540, 833 S.E.2d at 9. On 12 January 2018, the jury returned verdicts finding Defendant guilty on all charges. Defendant appealed.

On appeal, this Court concluded the trial court erred by failing to *sua sponte* conduct a competency hearing immediately before or during trial. *Id.* at 543, 833 S.E.2d at 11. As such, we remanded the case for a hearing to determine whether a meaningful retrospective determination of Defendant's competency was possible and, if so, whether Defendant was competent to stand trial on 8 January 2018. *Id.* at 544, 833 S.E.2d at 11. The State appealed the decision to our Supreme Court, which affirmed. *See State v. Hollars*, 376 N.C. 432, 852 S.E.2d 135 (2020).

On remand, the trial court conducted hearings on 12 and 13 July 2023 to determine whether a retrospective competency hearing could be held and, if so, to determine whether Defendant was competent at the time of trial in January 2018.

The evidence admitted at the hearing included Defendant's medical records, testimony from physicians who had evaluated Defendant, and testimony from the attorneys and the presiding judge in the 2018 trial.

The medical records included reports on the last two evaluations Defendant underwent prior to trial: 28 June and 15 August 2017. Defendant was evaluated by Dr. James Bellard, an independent psychiatrist, on 28 June 2017; in the resulting report, Dr. Bellard opined he believed Defendant was not presently competent to stand trial. Defendant was last evaluated on 15 August 2017 by Dr. David Bartholomew and Dr. Reem Utterback of Central Regional Hospital "[i]n anticipation of" trial; both the doctors believed Defendant was capable of proceeding.

Based on the evidence, the trial court concluded a meaningful retrospective competency hearing was possible and further concluded Defendant had been competent to stand trial in January 2018. The resulting Order was entered on 14 September 2023. In the Order, the trial court emphasized the "medical evidence" from the time period between Defendant's final forensic evaluation in August 2017 and the January 2018 trial. The trial court did not expressly mention the results of Dr. Bellard's 28 June 2017 evaluation. On 20 September 2023, Defendant timely filed Notice of Appeal.

## **Issues**

The issues on appeal are whether the trial court: (I) abused its discretion in concluding it was possible to hold a meaningful retrospective competency hearing;

and (II) erred in concluding Defendant was competent at the time of the 8 January 2018 trial.

## Analysis

I.     Retrospective Competency Hearing

Defendant argues the trial court erred by "failing to incorporate into its analysis that Dr. Bellard found [Defendant] incompetent on June 28, 2017[.]" Defendant contends this alleged error "require[s] a new hearing on whether a retrospective competency hearing is possible, and if so, [a new hearing on] whether [Defendant] was competent at trial."

"The trial court is in the best position to determine whether it can make such a retrospective determination of [a] defendant's competency. Thus, if the trial court concludes that a retrospective determination is still possible, a competency hearing will be held, and if the conclusion is that the defendant was competent, no new trial will be required." *State v. McRae*, 139 N.C. App. 387, 392, 533 S.E.2d 557, 560-61 (2000) (*McRae I*). "If the trial court determines that a meaningful hearing is no longer possible, [the] defendant's conviction must be reversed and a new trial may be granted when he is competent to stand trial." *Id.* "[T]he trial court's conclusions as to whether a meaningful hearing can be held should be reviewed under an abuse of discretion standard as if making the determination before trial." *State v. McRae*, 163 N.C. App. 359, 368, 594 S.E.2d 71, 78 (2004) (citation omitted) (*McRae II*), *disc. review denied*, 358 N.C. 548, 599 S.E.2d 911 (2004).

Here, the trial court concluded a retrospective competency hearing "would be meaningful" under the circumstances. In support of this Conclusion, the trial court found:

> (1) The original trial of Defendant took place in January of 2018. The instant hearing took place in July of 2023. More than five years have passed since the original trial.
>
> (2) The evidence presented before the court included a recording of the last psychological examination before the 2018 trial, dated August 2017, which was played in open court. The Court also had before it witness testimony from Dr. Bellard, who conducted an evaluation of Defendant in 2015 and shortly before the 2017 competency hearing. Dr. Wolfe, expert witness for the State, testified that she had access to and reviewed medication administration records, treatment notes, and other psychological assessments from the time between the recorded psychological evaluation in August 2017, where Defendant was deemed competent, and the trial in 2018. This included treatment team notes from January 4th and January 6th, 2018, days before the trial began.
>
> (3) In addition to the contemporaneous medical evidence between the final psychological evaluation in August 2017 and the trial, the experts also had access to and reviewed the psychological evaluations of Dr. Bartholomew and additional evaluations conducted at Broughton Hospital. In particular, the forensic evaluations of Defendant as well as hospital progress notes dating back to 2013 develop a record of Defendant's illness. Defendant was under the care of the same psychiatrist since 2013, and Defendant's treatment team at Broughton Hospital was generally familiar with Defendant's disposition and illness.
>
> (4) The 2018 trial transcripts were also available for review by the experts and this Court. The Court heard testimony from Mr. Eller, defense counsel in the 2018 trial, Judge Coward, the judge presiding at the 2018 trial, and the Honorable Judge Rupp, the prosecuting attorney in the 2018 trial, all of whom had the

opportunity to interact with or observe Defendant at the 2018 trial.

The trial court's Findings indicate, despite the passing of five years, there was ample contemporaneous medical evidence before the trial court upon which it could make a retrospective competency determination, as well as the testimony of medical professionals who had personally evaluated Defendant. *See McRae II*, 163 N.C. App. at 368, 594 S.E.2d at 78 (concluding trial court did not abuse its discretion in holding retrospective competency hearing where there were "numerous medical records leading up to three days before" trial as well as the testimony of the doctor who had last examined the defendant). Thus, the Findings support the trial court's Conclusion a meaningful retrospective competency hearing was possible. Therefore, the trial court did not abuse its discretion in proceeding with a retrospective competency hearing.

II.    Competency Determination

Pursuant to a retrospective competency hearing, "competency is determined under appropriate standards pursuant to N.C. Gen. Stat. § 15A-1001(a)[.]" *McRae II*, 163 N.C. App. at 367, 594 S.E.2d at 78. "It is defendant's burden of proof to show that he lacked the capacity to proceed." *Id.* at 367-68, 594 S.E.2d at 78 (citation omitted). "As for the ultimate issue of defendant's competency to stand trial, the court's findings of fact on this issue, if supported by 'competent evidence,' are then

conclusive on appeal." *Id.* at 368, 594 S.E.2d at 78 (citing *State v. Willard*, 292 N.C. 567, 575, 234 S.E.2d 587, 592 (1977)).

Defendant argues the trial court erred in concluding he was competent to stand trial because the trial court "did not acknowledge in its order that [Defendant] was found incompetent by Dr. Bellard in June 2017." Defendant contends the trial court was required to "reconcile" the fact that Defendant had been found competent in August 2017 when taking 10 milligrams of Olanzapine[1] but was also found incompetent in June 2017 while on the same amount of medication.

"When the trial court . . . determines a defendant's capacity to proceed to trial, it is the [trial] court's duty to resolve conflicts in the evidence[.]" *State v. Heptinstall*, 309 N.C. 231, 234, 306 S.E.2d 109, 111 (1983) (citations omitted). "[W]here there is conflicting evidence, the failure of the trial court to make specific findings upon which to base its conclusions is reversible error." *Mann Contractors, Inc. v. Flair with Goldsmith Consultants-II, Inc.*, 135 N.C. App. 772, 775, 522 S.E.2d 118, 121 (1999). Generally, however, "[t]he court is not required to find all facts supported by the evidence, but only sufficient material facts to support the judgment." *See Medlin v. Medlin*, 64 N.C. App. 600, 603, 307 S.E.2d 591, 593 (1983) (citations omitted). Further, "the [trial] court's findings of fact are conclusive on appeal if there is

---

[1] An antipsychotic medication.

competent evidence to support them, even if there is also evidence to the contrary." *Heptinstall*, 309 N.C. at 234, 306 S.E.2d at 111 (citations omitted).

Here, we cannot discern a conflict in the evidence before us. The evidence is undisputed Defendant was found incompetent in June 2017 and then was subsequently found competent in August and September 2017. The ultimate question for the trial court was whether Defendant was competent to stand trial on 8 January 2018—and the trial court's Findings, which indicate the trial court's review of "the forensic evaluations of Defendant as well as hospital progress notes dating back to 2013[,]" are supported by competent evidence and, consequently, binding on appeal. *See id.* These Findings, in turn, support the trial court's Conclusion that Defendant was competent at the time of trial.

Moreover, Defendant's asserted conflict does not undermine the trial court's Conclusion that Defendant was competent. Presuming the trial court had made a finding acknowledging the results of the June 2017 forensic evaluation, the trial court's Findings regarding the August 2017 evaluation are, as explained, binding and support the trial court's Conclusion that Defendant was competent in January 2018. Thus, we are not convinced the trial court's alleged failure to make a finding acknowledging the results of the June 2017 evaluation was reversible error.

Defendant further argues the trial court erred in finding he was stable and there was no evidence of decompensation between the August 2017 evaluation and the time of trial. Specifically, the trial court found:

(4) Defendant was consistently taking his medications during the time of the 2018 trial, under the supervision of his medical team. The medication dosage was the same as the dosage he was taking at the time of the August 2017 evaluation when he was deemed competent. The medical records reflect that Defendant was stable during the time period between the August 2017 evaluation and the 2018 trial.

. . . .

(1) . . . A plethora of medical evidence exists in the time period between the August 2017 evaluation and the January 2018 trial. There was no indication of a decompensation in the Broughton Hospital reports between August and January, and these reports were made by a team that was generally familiar with Defendant and his behaviors, both when he was competent and when he was not competent. Defendant's treatment team at the hospital briefly evaluated him just before the trial began, on January 4th and January 6th, 2018, and the team did not observe anything demonstrating a decompensation in Defendant's mental status. Further, records indicate that Defendant received his medication in the days leading up to trial . . . His medication regime did not change . . . .[2]

The Record shows Defendant was consistently taking his medication at the same dosage between August 2017 and January 2018. Additionally, Dr. Bellard testified Defendant's competency was "brittle" but also "relatively stable[.]" Likewise, Dr. Wolfe, expert witness for the State, described Defendant's medical records as

---

[2] Defendant argues the trial court's Conclusion of Law (1) is actually a Finding of Fact. We believe it is more properly characterized as a mixed conclusion of law and fact. The portion of the trial court's "Conclusion" that consists of factual findings is reproduced here, and we review it as such. *See Westmoreland v. High Point Healthcare Inc.*, 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012) ("The labels 'findings of fact' and 'conclusions of law' employed by the trial court in a written order do not determine the nature of our review." (citation omitted)); *Rolan v. N.C. Dep't of Agric. and Consumer Servs.*, 233 N.C. App. 371, 380, 756 S.E.2d 788, 794 (2014) (reviewing factual portions of a mixed finding of fact and conclusion of law under competent evidence standard).

showing Defendant "remained stable his last year at the hospital[.]" Thus, the trial court's Findings are supported by competent evidence and binding on appeal, even if there is evidence to the contrary. *See Heptinstall*, 309 N.C. at 234, 306 S.E.2d at 111 (citations omitted). This Finding, as well as the trial court's additional Findings, in turn, support the trial court's Conclusion that Defendant was competent on 8 January 2018. Therefore, the trial court did not err in concluding Defendant was competent to stand trial. Consequently, the trial court did not err in entering its Order.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order.


AFFIRMED.

Judges TYSON and FLOOD concur.