STATE OF NORTH CAROLINA v. KENNETH WAYNE CHAPLIN

No. COA95-1051

(Filed 18 June 1996)

**Constitutional Law § 327 (NCI4th)— three-year delay between arrest and trial—unavailability of witness—denial of speedy trial**

Defendant was denied his constitutional right to a speedy trial, and the trial court erred in refusing to allow defendant's motion to dismiss where nearly three years elapsed between defendant's arrest and trial; his case was calendared thirty-one times, requiring defendant to travel from New York to North

STATE v. CHAPLIN

[122 N.C. App. 659 (1996)]

Carolina, thus missing work, losing income, and losing the ability to locate his key witness; the witness's testimony that drugs found in defendant's car were his alone would have in fact exculpated defendant; although given an opportunity to do so, the State did not offer any evidence to refute defendant's argument that the witness was an essential witness who was no longer available; there was no evidence that defendant could locate other potential witnesses; and the substantial prejudice to defendant, the conduct of the State, and the lengthy delay far outweighed defendant's failure to formally assert his right to a speedy trial. N.C. Const. art. I, § 18; U.S. Const. amend. VI.

**Am Jur 2d, Criminal Law § 655.**

**Illness or incapacity of judge, prosecuting officer, or prosecution witness as justifying delay in bringing accused speedily to trial—state cases. 78 ALR3d 297.**

**Accused's right to speedy trial under Federal Constitution—Supreme Court cases. 71 L. Ed. 2d 983.**

Appeal by defendant from judgment entered 23 March 1995 in Halifax County Superior Court by Judge W. Russell Duke, Jr. Heard in the Court of Appeals 15 May 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Law Office of Jimmie R. "Sam" Barnes, by Sam Barnes and Laura-Jean Alford, for defendant-appellant.*

GREENE, Judge.

Kenneth Wayne Chaplin (defendant) appeals from the trial court's 23 March 1995 Judgment and Commitment, sentencing him to seven years in prison for trafficking in cocaine by transporting cocaine, in violation of N.C. Gen. Stat. § 90-95.

Defendant, a resident of New York, and three passengers in his vehicle were arrested on 28 April 1992 for possession of marijuana and trafficking in cocaine, after being stopped at an interdiction check point on Interstate 95. Jaquan Price (Price), Gerald McDonald (McDonald) and Mark Thompson (Thompson), none of whom defendant knew before 28 April 1992, were passengers in defendant's car on a trip from New York to North Carolina. Defendant remained in jail in

Halifax County for sixty-four days from his initial arrest. Subsequent to defendant's arrest, Price pled guilty to the above charges and was sentenced to seven years in prison.

Defendant's unrefuted evidence shows that between the years of 1992 and 1995, defendant's case was placed on the trial calendar thirty-one times. Nothing in the record indicates that defendant ever asked for a continuance. In fact, the record reveals that the district attorney never called the case to trial, until 20 March 1995.

During this time, defendant made efforts to locate McDonald and Thompson to have them testify at trial, but was unable to locate them. Defendant also notified the State of his intention to call Price to testify and had information that Price would testify that the cocaine "was exclusively his contraband and was to the exclusion of all others in that automobile." In fact, defendant requested that the Department of Correction, where Price was serving his sentence for the earlier guilty plea, have Price "brought to the courthouse on the writ of habeas corpus ad testificandum on several terms prior to" the actual trial of defendant's case. At the time of the actual trial of defendant's case, however, Price had been released from the Department of Correction and defendant was informed by Price's family that he had been deported from the United States to Trinidad.

On 22 February 1995, defendant filed a motion to dismiss the present action against him because he had been denied his right to a speedy trial, pursuant to the United States Constitution and the North Carolina Constitution. Defendant specifically argued that his case had been delayed for trial, while cases "of less significance and with the indictment date subsequent to that of this Defendant's" had been tried and concluded. Defendant also argued that the State was allowing Price to serve his sentence and thereby gain the possibility of parole before defendant's trial, which would make defendant's locating Price to testify at defendant's trial "virtually impossible."

On 20 March 1995, defendant's case was called to trial, and after empaneling the jury, but before any hearing on defendant's motion, the trial court denied defendant's motion to dismiss, stating that "[t]he Court has read and considered" the motion. Defendant then requested that "[a]t some point in time" he be allowed to "get in the events of the calendar since the date of indictment." To which the trial court initially responded that "the court records would speak for themselves," but subsequently did allow defendant's request to introduce all court calendars and minutes from the date of defendant's

charge until 20 March 1995. Defendant also requested that he be allowed to "get" evidence of defendant's prejudice "into" the record and defendant was allowed to argue to the court that the State's delay of defendant's trial "substantially prejudiced defendant," by requiring defendant to travel from New York to North Carolina thirty-one times and thus, miss work and lose income. Defendant also argued that he was prejudiced by the delay, because he was denied a material witness. Defense counsel offered to "tender [defendant] who'll testify that the evidence—the information from the family of Jaquan Price is that he's in Trinidad." The trial court then asked the clerk of court if defendant had in fact moved to have Price brought to court, to which the clerk responded positively and stated that Price was not in the Department of Correction, because Price was paroled.

The State responded to defendant's argument by stating that "there is no indication, whether it be in the form of a statement by Mr. Price . . . that is going to indicate that he would, in fact, testify as [defense counsel] has said." The State also argued that "according to a motion by the previous attorney . . . the other two witnesses . . . Thompson and . . . McDonald . . . would provide the same information that . . . Price would provide." Defendant, however, responded that Thompson and McDonald's cases had been dismissed by the State and attempts to locate them had been unsuccessful. After hearing these arguments, the trial court again denied the defendant's motion to dismiss.

_____

The issue is whether the defendant has been denied his constitutional rights to a speedy trial.

In determining whether a defendant has been deprived of his right to a speedy trial, N.C. Const. art I, § 18; U.S Const. amend VI, our courts consider four interrelated factors together with " 'such other circumstances as may be relevant.' " *State v. Groves*, 324 N.C. 360, 365, 378 S.E.2d 763, 767 (1989) (quoting *Barker v. Wingo*, 407 U.S. 514, 533, 33 L. Ed. 2d 101, 118 (1972)). The factors are "(1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant resulting from the delay." *Id.* "No single factor is regarded as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." *State v. McKoy*, 294 N.C 134, 140, 240 S.E.2d 383, 388 (1978). Instead the factors and other circumstances are to be balanced by the court with an awareness that it is "dealing with a fundamental right of the accused" which is "specifically affirmed in the

Constitution." *Id.* The burden is, nonetheless, on the defendant to show that his constitutional rights have been violated and a defendant "who has caused or acquiesced in the delay will not be allowed to use it as a vehicle in which to escape justice." *Id.* at 141, 240 S.E.2d at 388. Thus the defendant is required to show that the unreasonable delay in his trial was caused by the "neglect or wilfulness of the prosecution," as the Constitution does not "outlaw good-faith delays which are reasonably necessary for the State to prepare and present its case." *Id.* A showing of a particularly lengthy delay establishes a *prima facie* case that the delay was due to the neglect or wilfulness of the prosecution and requires the State to "offer evidence fully explaining the reasons for the delay and sufficient to rebut the *prima facie* showing." *See id.* at 143, 240 S.E.2d at 390; *cf. State v. Webster,* 337 N.C. 674, 679, 447 S.E.2d 349, 351 (1994) (case calendared six times in six months did not alone "demonstrate[] prosecutorial negligence or willfulness").

In ruling on a motion for a speedy trial the trial court is not always required to conduct an evidentiary hearing and make findings of facts and conclusions of law. *See State v. Dietz,* 289 N.C. 488, 495, 223 S.E.2d 357, 362 (1976). In those instances, however, when the motion to dismiss for denial of a speedy trial is based on allegations not "conjectural and conclusory [in] nature," an evidentiary hearing is required and the trial court must enter findings to resolve any factual disputes and make conclusions in support of its order. *Id.* When there is no objection, evidence at the hearing may consist of oral statements by the attorneys in open court in support and in opposition to the motion to dismiss. *See State v. Pippin,* 72 N.C. App. 387, 397-98, 324 S.E.2d 900, 907 (findings properly based on oral arguments of attorney where opposing party did not object to procedure), *disc. rev. denied,* 313 N.C. 609, 330 S.E.2d 615 (1985).

In this case the allegations asserted by the defendant in support of this motion to dismiss are substantive and entitled him to an evidentiary hearing. Although it does appear that the trial court was initially reluctant to allow the defendant to present evidence, it did subsequently permit the defendant to submit evidence and attorneys for the defendant and the State, without objection, made oral presentations. The State did not present any evidence or request that it be permitted to present evidence.

The information before the trial court is not in dispute and thus the failure of the trial court to make findings of fact does not prevent

review by this Court. *See Harris v. North Carolina Farm Bureau Mut. Ins. Co.*, 91 N.C. App. 147, 150, 370 S.E.2d 700, 702 (1988) (failure to make findings does not require remand where facts not in dispute). Whether the undisputed evidence supports the implied conclusion of the trial court that defendant's constitutional rights to a speedy trial were not violated requires application of legal principles and thus is reviewable *de novo. See Coble v. Coble*, 300 N.C. 708, 713, 268 S.E.2d 185, 189 (1980).

### Length of Delay

In this case, defendant's trial did not occur until 1055 days, or thirty-five months, or nearly three years from the date of his arrest. "While not enough in itself to conclude that a constitutional speedy trial violation has occurred, this delay is clearly enough to cause concern and to trigger examination of the other factors." *Webster*, 337 N.C. at 679, 447 S.E.2d at 351 (delay of sixteen months sufficient to trigger consideration of factors); *Groves*, 324 N.C. at 365-66, 378 S.E.2d at 767 (delay of two years, two months sufficient to trigger consideration of factors); *State v. Jones*, 310 N.C. 716, 721, 314 S.E.2d 529, 533 (1984) (delay of twenty-two months sufficient to trigger consideration of factors).

### Reason for the Delay

In this case, the record reveals that the defendant's case was placed on the trial calendar thirty-one times; five times in 1992, fourteen times in 1993, nine times in 1994, and three times, prior to 20 March, in 1995. On average, defendant's case was calendared for trial once a month for a period of three years, but never called by the district attorney. This is sufficient to establish a *prima facie* case that the State was either negligent or wilful in not calling defendant's case to trial. Although given the opportunity to argue against the defendant's motion and present evidence, the State presented no argument or evidence justifying the delay. Furthermore there is the unrefuted argument of the defendant that the State delayed the defendant's trial until after Price was paroled, thus making it more difficult for the defendant to secure Price's presence at the defendant's trial.

### Assertion of Right

Although a "[d]efendant is not required to demand that the [S]tate prosecute him," the failure to assert his right to a speedy trial weighs heavily against defendant. *Pippin*, 72 N.C. App. at 395, 324 S.E.2d at 906; *Webster*, 337 N.C. at 680, 447 S.E.2d at 352. The defendant did not

formally assert his right to a speedy trial until 22 February 1995 and his trial was held within thirty days of this assertion.

## Prejudice

Two important aims of the right to a speedy trial are the minimization of "anxiety and concern of the accused" and to limit the "possibility that the defense will be impaired." *Webster*, 337 N.C. at 681, 447 S.E.2d at 352 (quoting *Barker v. Wingo*, 407 U.S. 514, 532, 33 L. Ed. 2d 101, 118 (1972)). The most serious aim of the right to a speedy trial is the prevention of impairing the defense, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* In this case, the defendant has suffered great prejudice. Not only has he been required to travel away from his family in New York, to North Carolina, thirty-one times during the course of three years, thus missing work and losing income, he has also lost the ability to locate his key witness. The nearly three-year delay has allowed Price to be released from the control of the Department of Correction and deported from the United States, thus, outside of defendant's subpoena power. Defendant has information that Price would have testified that the drugs were his to the exclusion of all others in the car. Although the State argued that there is nothing in the record to "indicate that [Price] would" testify that the drugs were his, the State did not object to the motion being determined upon defense counsel's oral argument and defendant's argument regarding Price's expected testimony is record evidence that Price would, in fact, exculpate defendant. Furthermore, although given an opportunity to do so, the State did not offer any evidence to refute defendant's argument that Price was an essential witness who was no longer available. The denial of this key, exculpatory witness works a substantial prejudice and injustice to defendant's defense of the charges against him.

Furthermore, although the State argues that defendant could subpoena McDonald and Thompson, there is no evidence that defendant knows where McDonald and Thompson are now located. In any event, even if they were located, appeared and testified for the defendant, it does not remedy the prejudice caused by the absence of Price.

## Balancing

In this case the substantial prejudice to the defendant, the conduct of the State, and the lengthy delay far outweigh defendant's fail-

ure to formally assert his right to a speedy trial. Thus the defendant has been denied his right to a speedy trial and the trial court erred in refusing to allow the defendant's motion to dismiss. This case is remanded to the trial court for dismissal of the charges. *See McKoy*, 294 N.C. at 144, 240 S.E.2d at 390.

Reversed and remanded.

Judges MARTIN, John C., and WALKER concur.