TYSON, Judge.
 

 *391
 

 *927
 
 Robert Earl Wilkerson ("Defendant") appeals from the denial of his motion to dismiss for violation of his right to a speedy trial. The superior court failed to adequately weigh and apply the factors in
 
 Barker v. Wingo
 
 ,
 
 407 U.S. 514
 
 ,
 
 92 S.Ct. 2182
 
 ,
 
 33 L.Ed.2d 101
 
 (1972), after our previous remand, and failed to fully consider the
 
 prima facie
 
 evidence of prosecutorial neglect. We vacate the superior court's order and again remand this matter to the superior court for a full evidentiary hearing and to make proper findings and analysis of the relevant factors.
 

 I. Background
 

 On 2 July 2010, Defendant was arrested for offenses allegedly occurring on 7 April 2010. Defendant was subsequently indicted for robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and first-degree murder.
 

 *928
 
 On 7 May 2012, Defendant filed a
 
 pro se
 
 motion for a speedy trial, which was adopted by his attorney and argued at a hearing on 23 August 2012. This motion was denied. Defendant filed a
 
 pro se
 
 motion to dismiss for violation of his right to speedy trial on 21 April 2014. This motion was also adopted and argued by his counsel, and also denied.
 

 Defendant was tried 21 April 2014 through 2 May 2014. The jury returned a verdict of guilty for robbery and conspiracy to commit robbery, but found Defendant not guilty of murder. Defendant was sentenced to 97-126 months for robbery and a consecutive 38-55 months for conspiracy. Defendant appealed.
 

 Defendant's first appeal was heard on 7 July 2015.
 
 State v. Wilkerson
 
 ,
 
 242 N.C. App. 253
 
 ,
 
 775 S.E.2d 925
 
 ,
 
 2015 WL 4081964
 
 , 2015 N.C. App. LEXIS 560 (unpublished). This Court concluded Defendant had failed "to show that the trial court committed prejudicial error at his trial" and affirmed the Defendant's convictions.
 
 Wilkerson
 
 , at *16, 2015 N.C. App. LEXIS 560 at *40. However, this Court also concluded "[t]he trial court erred by summarily denying Defendant's motion without considering all of the
 
 Barker
 
 factors and making appropriate findings."
 
 Id.
 
 at *16, 2015 N.C. App. LEXIS 560 at *39. This Court concluded that the trial court had "simply stat[ed] that Defendant had 'made an insufficient showing to justify a dismissal under speedy trial grounds[,]' " instead of weighing the factors identified by the Supreme Court of the United States and the Supreme Court of North Carolina
 
 Id.
 
 This Court remanded the proceedings to the trial court to make appropriate findings.
 
 Id.
 
 at *16, 2015 N.C. App. LEXIS 560 at *40.
 

 Upon remand, the superior court denied Defendant's motion to dismiss. During what was calendared as a status hearing on the issues remanded, the superior court proceeded to "take action in response to the Court of Appeals remand." Finding "[b]oth parties at the hearing had the full opportunity to present any evidence [they] desired[,]" the superior court did not allow for any further argument or any additional evidence to be presented. Defendant objected to the lack of a full evidentiary hearing. The superior court stated it had considered the
 
 Barker
 
 factors when it made its first ruling, and recorded these past considerations in a written order denying Defendant's motion to dismiss on 1 February 2017. Defendant appeals.
 

 II. Jurisdiction
 

 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2017).
 

 *929
 

 III. Standard of Review
 

 "The standard of review for alleged violations of constitutional rights is
 
 de novo.
 
 "
 
 State v. Graham
 
 ,
 
 200 N.C. App. 204
 
 , 214,
 
 683 S.E.2d 437
 
 , 444 (2009) (citation omitted). We review the superior court's order to determine "whether the trial judge's underlying findings of fact are supported by competent evidence ... and whether those factual findings in turn support the judge's ultimate conclusions of law."
 
 State v. Cooke
 
 ,
 
 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982) (citation omitted).
 

 IV. Right to a Speedy Trial
 

 Defendant argues the superior court relied upon unsupported factual findings and improperly analyzed the
 
 Barker
 
 factors to conclude his right to a speedy trial was not violated. Defendant asserts a proper application of the
 
 Barker
 
 factors could support the conclusion that his right to a speedy trial was
 
 *392
 
 violated. After review of the arguments and evidence in the record, following the new evidentiary hearing on remand, the superior court should consider all the evidence, and decide how each factor, separately and together, weighs for and against the State and Defendant to reach a final ruling.
 

 The Supreme Court of the United States laid out a four-factor balancing test to determine whether a defendant's Sixth Amendment right to a speedy trial has been violated.
 
 Barker
 
 ,
 
 407 U.S. at 530
 
 ,
 
 92 S.Ct. at 2191-92
 
 ,
 
 33 L.Ed.2d at 116-17
 
 . "These factors are: (1) the '[l]ength of delay;' (2) 'the reason for the delay[;]' (3) 'the defendant's assertion of his right[;]' and, (4) 'prejudice to the defendant.' "
 
 State v. Carvalho
 
 ,
 
 243 N.C. App. 394
 
 , 400,
 
 777 S.E.2d 78
 
 , 83 (2015) (quoting
 
 Barker
 
 ,
 
 407 U.S. at 530
 
 ,
 
 92 S.Ct. at 2191-92
 
 ,
 
 33 L.Ed.2d at
 
 117 ),
 
 aff'd per curiam
 

 369 N.C. 309
 
 ,
 
 794 S.E.2d 497
 
 , 497 (2016),
 
 cert. denied
 
 --- U.S. ----,
 
 138 S.Ct. 59
 
 ,
 
 199 L.Ed. 2d 19
 
 (2017). None of these factors are determinative; they must all be weighed and considered together:
 

 We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the constitution.
 

 Barker
 
 ,
 
 407 U.S. at 533
 
 ,
 
 92 S.Ct. 2182
 
 ,
 
 33 L.Ed.2d at 118-19
 
 .
 

 *930
 

 A. Length of Delay
 

 "[T]he length of the delay is not
 
 per se
 
 determinative of whether defendant has been deprived of his right to a speedy trial."
 
 State v. Spivey
 
 ,
 
 357 N.C. 114
 
 , 119,
 
 579 S.E.2d 251
 
 , 255 (2003) ;
 
 see
 

 Carvalho
 
 ,
 
 243 N.C. App. at 401
 
 ,
 
 777 S.E.2d at 84
 
 . No bright line exists to signify how much of a delay or wait is prejudicial, but as wait times approach a year, a presumption of prejudice arises.
 
 Doggett v. United States
 
 ,
 
 505 U.S. 647
 
 , 652 n.1,
 
 112 S.Ct. 2686
 
 , 2690-91 n.1,
 
 120 L.Ed. 2d 520
 
 , 528 n.1 (1992). This " 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the
 
 Barker
 
 inquiry."
 

 Id.
 

 Here, over three years and nine months elapsed from Defendant's arrest until his trial began. This Court had previously remanded this matter to the trial court for a full review and application of the
 
 Barker
 
 factors, indicating the length of delay was sufficient to trigger such a review.
 
 Wilkerson
 
 , at *15-*16, 2015 N.C. App. LEXIS 560 at *38-*39.
 

 Upon remand, the trial court acknowledged this "amount of time [was] noteworthy" but was "not
 
 per se
 
 prejudicial" because of "all the matters necessarily involved in the preparation by the prosecution and the defense of this case involving a first degree murder charge with co-defendants, including pretrial discovery, investigation and analysis of crime scene and crime laboratory analysis[.]" No specified length of time is "
 
 per se
 
 prejudicial," but as one of four factors to be reviewed, this factor weighs in favor of Defendant and triggers the need for analysis of the remaining three
 
 Barker
 
 factors.
 
 See
 

 Carvalho
 
 ,
 
 243 N.C. App. at 401
 
 ,
 
 777 S.E.2d at 84
 
 .
 

 B. Reason for Delay
 

 Defendant bears the burden of showing the delay was the result of "
 
 neglect
 
 or
 
 willfulness
 
 of the prosecution."
 
 Spivey
 
 ,
 
 357 N.C. at 119
 
 ,
 
 579 S.E.2d at 255
 
 (emphasis original). "If a defendant proves that a delay was particularly lengthy, the defendant creates a prima facie showing that the delay was caused by the negligence of the prosecutor."
 
 State v. Strickland
 
 ,
 
 153 N.C. App. 581
 
 , 586,
 
 570 S.E.2d 898
 
 , 902 (2002) (citing
 
 State v. Chaplin
 
 ,
 
 122 N.C. App. 659
 
 , 664,
 
 471 S.E.2d 653
 
 , 655-56 (1996) ),
 
 cert. denied
 
 ,
 
 357 N.C. 65
 
 ,
 
 578 S.E.2d 594
 
 (2013).
 

 Once the defendant has made a
 
 prima facie
 
 showing of neglect or willfulness, the burden shifts to the State to rebut and offer explanations for the delay.
 

 *393
 

 Spivey
 
 , 357 N.C. at 119,
 
 579 S.E.2d at 255
 
 . The State is allowed "good-faith delays which are reasonably necessary for the State
 
 *931
 
 to prepare and present its case[,]" but is proscribed from "purposeful or oppressive delays and
 
 those which the prosecution could have avoided by reasonable effort.
 
 "
 
 State v. Washington
 
 ,
 
 192 N.C. App. 277
 
 , 283,
 
 665 S.E.2d 799
 
 , 804 (2008) (citation omitted) (emphasis original). Different reasons for delay are assigned different weights, but only "valid reason[s]" are weighed in favor of the State.
 
 Barker
 
 ,
 
 407 U.S. at 531
 
 ,
 
 92 S.Ct. at 2192-93
 
 ,
 
 33 L.Ed.2d at 117
 
 .
 

 This Court in
 
 Chaplin
 
 found a pre-trial delay of 1,055 days, with the case being calendared thirty-one times before being called, constituted a
 
 prima facie
 
 showing of prosecutorial negligence or willfulness.
 
 Chaplin
 
 ,
 
 122 N.C. App. at 664
 
 ,
 
 471 S.E.2d at 656
 
 . The State was unable to offer any reasonable explanation for the excessive delay and continuances, and that factor weighed in favor of the defendant.
 

 Id.
 

 This Court in
 
 Strickland
 
 concluded a delay of 940 days was enough to constitute a
 
 prima facie
 
 showing of prosecutorial negligence.
 
 Strickland
 
 ,
 
 153 N.C. App. at 586
 
 ,
 
 570 S.E.2d at 903
 
 . However, the State rebutted this showing by providing evidence of prosecutorial backlog.
 
 Id.
 
 at 587,
 
 570 S.E.2d at 903
 
 . Because the defendant was unable to produce any evidence of neglect or willfulness by the prosecutor, this factor weighed in favor of the State.
 

 Id.
 

 Here, Defendant's trial was delayed 1,390 days, nearly four years and at least a year longer than either
 
 Chaplin
 
 or
 
 Strickland
 
 . In addition, in the previous appeal this Court recognized:
 

 Defendant's trial counsel argued that (1) the State had made a material misrepresentation in responding to Defendant's earlier motion that it was still waiting on the SBI laboratory's analysis of evidence; (2) the State had improperly used the delay for the strategic purpose of working out a plea agreement with [co-defendant] between the 23 August 2012 hearing and the date of trial[.]
 

 Wilkerson
 
 , at *16, 2015 N.C. App. LEXIS 560 at *39.
 

 At the speedy trial motion hearing on 23 August 2012, the prosecutor represented to the superior court that the State was still waiting on the State Bureau of Investigation ("SBI") to provide some DNA analysis on hair samples. This SBI report had been completed on 24 February 2012, almost six full months before the date of the hearing. At the hearing, the prosecutor repeatedly stated the hair evidence was collected in April 2012, when in fact it had been collected in October 2011. The prosecutor explained he had been assigned to Defendant's trial in April 2011,
 
 *932
 
 and began requesting additional analysis from the SBI and FBI at that time. No explanation was provided of why, if the prosecutor's hair collection date was accurate, the prosecutor had waited a year to request the hair samples from Defendant. Further, at the April to May 2014 trial, an FBI agent testified that an analysis of records dated 7 April 2010 was requested of him "a year or so" before trial.
 

 While agreeing "in spirit" with Defendant's motion for a speedy trial, the prosecutor argued he could not move forward without the completion of the hair analysis. Despite the State's assertion at the speedy trial hearing that it was otherwise prepared to go to trial, the State moved for at least two continuances after the trial was initially set for September 2013. The first continuance was granted after the State alleged that necessary witnesses were unavailable. The second was granted after the State alleged additional discovery had been provided and witnesses listed in this additional discovery had not been subpoenaed.
 

 The misrepresentation concerning the hair samples was brought up at Defendant's pretrial motion to dismiss for violation of his right to speedy trial. His
 
 pro se
 
 motion, which was adopted and argued by his counsel, included an affidavit on this matter, as well as supporting documentation of the addition of the co-defendant's plea deal. The trial court heard these arguments, and summarily denied Defendant's motion. On remand from Defendant's previous appeal, the superior court found:
 

 *394
 
 6. The defendant, in his motion to dismiss, contended that the State delayed his trial by intentionally misrepresenting to the Court that SBI Crime Lab analysis results had not been received, that the intentional delay by the State was for an improper purpose in allowing the State to obtain a statement from a co-defendant implicating the defendant in the alleged crimes[.]
 

 ...
 

 8.
 
 Reason for delay.
 
 Not withstanding [sic] the defendant's assertion that the former prosecutor handling this case willfully and intentionally misrepresented to the Court that laboratory results had not been received, the defendant has failed to show that the trial delay was due to willfulness or neglect on the part of the prosecution.
 

 These findings are not supported by the evidence. The prosecutor purports to place the entire blame for the delays upon the SBI, indicating
 
 *933
 
 there was "no part of our negligence in no part." The prosecutor may not have been willfully misrepresenting the status of the SBI report to the trial court at the hearing, but at a minimum he most certainly was negligent in not knowing the status of this completed report he expressly used as a reason to delay the trial, regardless of what he asserted at the hearing.
 

 The State argues crowded dockets and anticipated laboratory results are "neutral factors" and are "valid justifications for the delay." Nowhere in the record are crowded dockets alleged by the State or found by the trial court to be a reason for the delays in Defendant's trial. The State's misrepresentation, whether negligent or willful, at the speedy trial motion could have been avoided by reasonable efforts.
 
 See
 

 Washington
 
 ,
 
 192 N.C. App. at 283
 
 ,
 
 665 S.E.2d at 804
 
 .
 

 The State acknowledges it misrepresented the status of the SBI report, but now asserts it was a "mistake." The superior court's finding that Defendant did not provide evidence of negligence by the State regarding the delay is unsupported by the record evidence. Defendant's evidence, if true, would tend to show this second
 
 Barker
 
 factor weighs in his favor. Upon remand, the superior court must consider the evidence which would support a
 
 prima facie
 
 showing of neglect or willfulness of the prosecutor, and then, if a
 
 prima facie
 
 showing is established, allow the State the opportunity to rebut it.
 

 C. Defendant Asserted Right to Speedy Trial
 

 "A criminal defendant who vigorously asserts his right to a speedy trial will be considered in a more favorable light than a defendant who does not."
 
 Strickland
 
 ,
 
 153 N.C. App. at 587
 
 ,
 
 570 S.E.2d at 903
 
 .
 

 Defendant filed a
 
 pro se
 
 motion for speedy trial on 7 May 2012, which was adopted and argued by his counsel. Prior to his motion for speedy trial, Defendant contacted prison officials as early as 30 January 2012 and sought action on the detainer on the pending charges filed from Durham County. On 21 February 2012, Defendant filed a motion for final disposition of the detainer, requesting resolution of the charges. Defendant objected to the case being continued at least one of the two times.
 

 The superior court acknowledged Defendant's motion for speedy trial in its findings of fact, though it fails to credit or resolve the other instances of Defendant "vigorously assert[ing] his right to speedy trial."
 
 See
 

 id
 
 . Considering the record evidence, this
 
 Barker
 
 factor tends to weigh in favor of Defendant.
 

 *934
 

 D. Prejudice
 

 Following
 
 Barker
 
 , this Court has repeatedly held:
 

 [t]he right to a speedy trial is designed: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.
 
 Of these, the most serious is the last
 
 , because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.
 

 State v. Webster
 
 ,
 
 337 N.C. 674
 
 , 680-81,
 
 447 S.E.2d 349
 
 , 352 (1994) (quoting
 
 Barker
 
 ,
 
 407 U.S. at 532
 
 ,
 
 92 S.Ct. at 2193
 
 ,
 
 33 L.Ed.2d at
 
 118 ) (quotation marks omitted) (emphasis in
 
 Webster
 
 ).
 

 In its findings of fact, the superior court noted Defendant was "currently serving an active sentence for the unrelated drug
 
 *395
 
 trafficking conviction that began on August 2, 2011." Defendant was arrested for this current charge on 2 July 2010. The superior court found that as a result of this incarceration "any anxiety or concern by the defendant ... is thereby somewhat reduced or minimized."
 

 The fact a defendant is already incarcerated while awaiting trial "does not mitigate against his right to a speedy and impartial trial."
 
 State v. Frank
 
 ,
 
 284 N.C. 137
 
 , 141,
 
 200 S.E.2d 169
 
 , 172 (1973) (citations omitted).
 

 At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from undue and oppressive incarceration prior to trial. But the fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.
 

 Smith v. Hooey
 
 ,
 
 393 U.S. 374
 
 , 378,
 
 89 S.Ct. 575
 
 , 577,
 
 21 L.Ed.2d 607
 
 , 611 (1969) (citation and quotation marks omitted).
 

 *935
 
 During his hearing on his motion for speedy trial, Defendant asserted the Durham County detainer for first-degree murder was impacting his current incarceration on the drug trafficking charge. Due to the nature of the first-degree murder charge, Defendant was held in higher security custody, which limited where he could be housed. While not determinative of prejudice, the superior court's conclusion that because Defendant was incarcerated on other charges it was not prejudicial to delay his pending trial, is unsupported by the evidence presented.
 

 The fact that Defendant was incarcerated on other charges does not indicate he would have reduced anxiety or concern over the pending charge. Beyond the additional anxiety Defendant faced while being housed in allegedly "extremely violent" quarters, "there is reason to believe that an outstanding untried charge (of which even a convict may, of course, be innocent) can have fully as depressive an effect upon a prisoner as upon a person who is at large."
 

 Id.
 

 at 379
 
 ,
 
 89 S.Ct. at 577-78
 
 ,
 
 21 L.Ed.2d at 612
 
 .
 

 Defendant argued the delay allowed for the State to secure a plea deal with Leryan Scarlett, a co-defendant. Scarlett initially denied any involvement in the robbery. After being charged with additional offenses while out on bond, Scarlett negotiated with the State to testify against Defendant in exchange for the additional charges being dropped.
 

 Defendant presented evidence this agreement with Scarlett was reached after his motion for speedy trial had been denied. The superior court's conclusion that this argument was "unsubstantiated and not supported by any evidence" is not supported by the evidence presented. The superior court should allow and consider additional evidence in order to properly consider this issue.
 

 During the delay, Defendant's brother, who was listed to be an alibi witness for Defendant, died. Defendant's brother proposed to testify that Defendant was at work during the time of the robbery. The superior court found there were copies of time cards from work and possibly other employees who could serve as alibi witnesses for Defendant, but excluded or ignored statements of defense counsel concerning the other alibi witnesses:
 

 There were other employees, Your Honor, yes. I can tell the Court, unfortunately, several of the family members are not available at this time. In particular, one individual who you've already heard referenced, that's Mr. Rico Wilkerson, I believe he is in federal custody at this time. I know there are other individuals who I have not been able
 
 *936
 
 to establish contact with since 2012, individuals who I had contact with prior to that date, however.
 

 The superior court's findings are not supported by the record, and its conclusion "there [was] no actual, substantial prejudice
 
 *396
 
 to the defendant as a result of the delay" is not supported by the facts.
 

 "
 
 Barker
 
 explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' "
 
 Doggett
 
 ,
 
 505 U.S. at 655
 
 ,
 
 112 S.Ct. at
 
 2692-,93
 
 120 L.Ed.2d at 530-31
 
 (quoting
 
 Barker
 
 ,
 
 407 U.S. at 532
 
 ,
 
 92 S.Ct. at 2193
 
 ,
 
 33 L.Ed.2d at
 
 118 ). "If witnesses die or disappear during a delay, the prejudice is obvious."
 
 Barker
 
 ,
 
 407 U.S. at 532
 
 ,
 
 92 S.Ct. at 2193
 
 ,
 
 33 L.Ed.2d at 118
 
 .
 

 The State argues Defendant was unable to show he was substantially prejudiced, and cites
 
 State v. Goldman
 
 ,
 
 311 N.C. 338
 
 , 346,
 
 317 S.E.2d 361
 
 , 366 (1984), for the proposition a defendant must prove actual and substantial prejudice. Our Supreme Court in
 
 Goldman
 
 rejected the defendant's claims of faded memories and lost witnesses as prejudice.
 

 Id.
 

 Unlike the defendant in
 
 Goldman
 
 , Defendant presents more than "general averments" regarding the prejudice he suffered.
 
 See
 

 id.
 
 at 345,
 
 317 S.E.2d at 366
 
 . Defendant indicated two specific instances where evidence essential to his defense was prejudiced because of the delays in bringing his charges to trial. This factor, above all others, requires a careful and thoughtful analysis before deciding whether or not Defendant was prejudiced by delays to his right to a speedy trial.
 

 V. Conclusion
 

 Trial courts "must" engage in a "difficult and sensitive balancing process" to ascertain whether a violation of a defendant's right to a speedy trial has occurred.
 
 See
 

 Barker
 
 ,
 
 407 U.S. at 533
 
 ,
 
 92 S.Ct. at 2193-94
 
 ,
 
 33 L.Ed.2d at
 
 118-19 ;
 
 see also
 

 Spivey
 
 , 357 N.C. at 118-19,
 
 579 S.E.2d at 255
 
 . This balancing process is difficult because
 

 it is impossible to determine precisely when the right has been denied; it cannot be said precisely how long a delay is too long; there is no fixed point when the accused is put to a choice of either exercising or waiving his right to a speedy trial; and dismissal of the charges is the only possible remedy for denial of the right to a speedy trial.
 

 State v. McKoy
 
 ,
 
 294 N.C. 134
 
 , 140,
 
 240 S.E.2d 383
 
 , 388 (1978) (citing
 
 Barker
 
 ,
 
 407 U.S. 514
 
 ,
 
 92 S.Ct. 2182
 
 ,
 
 33 L.Ed.2d 101
 
 ).
 

 *937
 
 Upon review of the four
 
 Barker
 
 factors, with the limited record before us, Defendant tends to show his Sixth Amendment right to a speedy trial may have been violated. The length of the delay and the lack of appropriate reason for the delay tends to weigh in his favor. Defendant's evidence regarding the prejudice he suffered in his pretrial incarceration and the prejudice to his ability to defend against his charges, if true, would tend to weigh in his favor, but requires a more nuanced consideration.
 

 The superior court concluded it had "weighed" and "balanced" the factors, but provided no findings to support this assertion. The written order produced upon this Court's earlier remand was changed little from the order on the previously summarily denied motion. The superior court's findings of fact were not supported by the evidence.
 

 A full evidentiary hearing is required in order for the superior court to hear and make an appropriate assessment of Defendant's arguments. If the superior court ultimately concludes Defendant's right to a speedy trial was violated, the only remedy is dismissing the indictment and vacating those convictions.
 
 See
 

 Barker
 
 ,
 
 407 U.S. at 522
 
 ,
 
 92 S.Ct. at 2187-88
 
 ,
 
 33 L.Ed.2d at 112
 
 .
 

 The trial court's prior speedy trial ruling upon the previous remand is vacated. Defendant's motion for a speedy trial is again remanded for a full evidentiary hearing on all
 
 Barker
 
 factors.
 
 It is so ordered.
 

 VACATED AND REMANDED.
 

 Chief Judge MCGEE and Judge DAVIS concur.