ARROWOOD, Judge, dissenting.
*626 I dissent. The majority spends a great deal of time detailing defendant's previous record and the despicable nature of the crime with which defendant was charged. As I understand the requirements of Article I, Section 18 of the North Carolina Constitution and the Sixth Amendment to the United States Constitution, the right to a speedy trial does not turn on whether defendant is an upstanding citizen. I also do not see where a defendant's prior record or the heinous nature of the crime is among the factors to be applied under the cases such as Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which have interpreted the considerations relevant to whether the State has violated this right. See id. at 530-33, 92 S.Ct. at 2191-94, 33 L.Ed.2d at 115-19. Analyzing the factors to be applied, none of which support the State's position, I would find defendant demonstrated that his constitutional right to a speedy trial was violated.
Our Court considers "[t]he denial of a motion to dismiss on speedy trial grounds ... de novo [.]" State v. Johnson , --- N.C. App. ----, ----, 795 S.E.2d 126, 131 (2016) (citation omitted).
To determine "whether a defendant has been deprived of his right to a speedy trial, *562 N.C. Const. art I, § 18 ; U.S[.] Const. amend VI, our courts consider four interrelated factors together with such other circumstances as may be relevant." State v. Chaplin , 122 N.C. App. 659, 662, 471 S.E.2d 653, 655 (1996) (citation and internal quotation marks omitted). These factors are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the resulting prejudice to the defendant. State v. Groves, 324 N.C. 360, 365, 378 S.E.2d 763, 767 (1989) (citing Barker, 407 U.S. at 530-32, 92 S.Ct. at 2191-94, 33 L.Ed.2d at 117-18 ) (citation omitted). "No single factor is regarded as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." State v. McKoy, 294 N.C. 134, 140, 240 S.E.2d 383, 388 (1978).
Instead the factors and other circumstances are to be balanced by the court with an awareness that it is dealing with a fundamental right of the accused which is specifically affirmed in the Constitution. The burden is, nonetheless, on the defendant to show that his constitutional rights have been violated and a defendant who has caused or acquiesced in the delay will not be allowed to use it as a vehicle in which to escape justice.
Chaplin , 122 N.C. App. at 662-63, 471 S.E.2d at 655 (citations and internal quotation marks omitted).
*627 I. Length of Delay
I agree with the majority that the delay in this case, five years, two months and twenty-four days, is presumptively prejudicial. See State v. Spivey , 357 N.C. 114, 119, 579 S.E.2d 251, 255 (2003). Therefore, the length of the delay triggers an inquiry into the remaining Barker factors. In addition, this is not an isolated incident in this judicial district. This is the second case this Court has considered from this district within the last year where there has been a delay of over five years in bringing a case to trial. Such delays not only affect defendants, but also the victims, who are held in limbo and unable to put the offenses in the past and attempt to heal and move on with their lives without the potential of having to relive the incidents through testimony many years in the future.
II. Reason for the Delay
"[D]efendant has the burden of showing that the delay was caused by the neglect or willfulness of the prosecution." State v. Grooms , 353 N.C. 50, 62, 540 S.E.2d 713, 721 (2000) (citation omitted), cert. denied , 534 U.S. 838, 122 S.Ct. 93, 151 L.Ed.2d 54 (2001). Once a defendant "makes a prima facie showing that the delay resulted from neglect or willfulness by the State, the burden shifts to the State to provide a neutral explanation for the delay." Johnson , --- N.C. App. at ----, 795 S.E.2d at 131 (citation and internal quotation marks omitted).
Here, defendant alleges administrative neglect by the State. Unlike the majority, I would hold defendant established a prima facie case that the delay was due to the prosecution's neglect, as "[a] showing of a particularly lengthy delay establishes a prima facie case that the delay was due to the neglect or wilfulness of the prosecution[.]" Chaplin , 122 N.C. App. at 663, 471 S.E.2d at 655-56 (citations and internal quotation marks omitted). Therefore, the State must offer evidence fully explaining the reasons for the delay that are sufficient to rebut defendant's prima facie showing.
To rebut defendant's case, the State maintains: (1) defendant acquiesced to the delay, and (2) Rowan County's dockets were overcrowded.
First, I disagree that defendant acquiesced to the delay. Admittedly, defendant moved for expert funding in 2013 and 2014, agreed to the State's request to continue the case from the January 2017 calendar to the next trial session, and waited over four years to file the instant motion. However, these facts are insufficient to show that defendant consented to the entirety of the five year, two month and twenty-four day delay in bringing the case to trial.
*628 Defendant's efforts to refine his case in 2013 and 2014 while awaiting trial do not demonstrate an agreement to delay trial, and defendant's agreement to the State's request to continue the trial from January 2017 to the next trial term only shows acquiescence to the passage of 1 of the 78 trial sessions *563 held while defendant was incarcerated.[4] Additionally, although the trial court's finding that defendant waited over four years to file the motion at issue weighs against defendant's argument that he was deprived of his right to a speedy trial, the last minute nature of the motion does not show defendant assented to the State's delay of his trial.
Second, while I agree that congested dockets can constitute a valid basis for delay, responsibility for such delay nonetheless belongs to the State and ultimately weighs against the State. Johnson , --- N.C. App. at ----, 795 S.E.2d at 132. Additionally, the reason for delay is closely associated with the length of delay. State v. Pippin , 72 N.C. App. 387, 392-93, 324 S.E.2d 900, 904-905 (1985). In light of these considerations, and the lack of additional basis for the delay, I would hold that the extensive delay before us is outside of constitutional bounds. This result is supported by our Court's recent unpublished opinion, State v. Smith , --- N.C. App. ----, 814 S.E.2d 485, 2018 WL 2648289 (N.C. Ct. App. June 5, 2018) (unpublished), which both the State and defendant discuss on appeal.
In Smith , our Court considered another case delayed by the crowded docket in Rowan County Superior Court, in which over five and a half years passed between the defendant's arrest in April 2011 and his trial in November 2016. Smith , --- N.C. App. at ----, 814 S.E.2d 485, 2018 WL 2648289 at *3. Without deciding whether defendant met his prima facie burden, our Court held that, regardless, there was "sufficient evidence ... to support the trial court's conclusions that the State's reasons for delay were 'reasonable and valid justifications for delay in this case[.]' " Id. at ----, 814 S.E.2d 485, 2018 WL 2648289 at *4. These reasons were: the overcrowding of the Rowan County Superior Court docket, the victim recanted, creating the need for additional law enforcement investigation, defendant's counsel was permitted to withdraw from representation when he was elected as a district court judge, defendant's attorneys never filed a motion or request to calendar defendant's case for trial, and the State never refused a request to calendar the case for trial. Id. "Additionally, weighing against defendant, the court made findings that *629 defendant's counsel discussed ... filing a speedy trial motion with defendant early on in the case but they agreed not to push for a trial because time might work to their benefit." Id. Thus, although there was a lengthy period of incarceration prior to trial, we held that the "delays attributable to the defense outweigh the crowded docket and" weigh the reason for delay against defendant. Id. at ----, 814 S.E.2d 485, 2018 WL 2648289 at *5. Here, as discussed, the trial court did not find significant delays attributable to the defense as in Smith . In particular, there is no evidence that defendant was using the delay as trial tactic hoping the delay would aid in getting the victim to recant the allegations as was shown in Smith.
In addition, while the reason for the delay may be an overcrowded docket and not due to willfulness related to the staff of the District Attorney's office, the State has the responsibility to adequately fund the criminal justice system with sufficient prosecutors and other court personnel to timely dispose of cases. In my view it is totally unacceptable to have judicial districts where both crime victims and those accused of the crimes are waiting over five years for those charges to be resolved because there are not enough resources to try the cases sooner.
Our State has an obligation to adequately fund the judicial system to meet constitutional requirements. This obligation is demonstrated by the State's obligation to provide counsel for indigent defendants pursuant to Gideon v. Wainwright , 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). See State v. Morris , 275 N.C. 50, 56-57, 165 S.E.2d 245, 249 (1969); see also Boyer v. Louisiana , 569 U.S. 238, 246, 133 S.Ct. 1702, 1706-07, 185 L.Ed.2d 774, 779 (2013) (Sotomayor, J., dissenting from dismissal of writ of certiorari ) (applying the logic of Vermont v. Brillon , 556 U.S. 81, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009), in *564 which the Supreme Court noted that, in evaluating speedy trial claims, "[d]elay resulting from a systemic breakdown in the public defender system could be charged to the State[,]" id. at 94, 129 S.Ct. at 1286, 173 L.Ed.2d at 242, Justice Sotomayor opined that "[w]here a State has failed to provide funding for the defense and that lack of funding causes a delay, the defendant cannot reasonably be faulted" in evaluating a speedy trial claim).
Similarly, here, the State has an obligation to fund the criminal justice system in a way that does not violate a suspect's Sixth Amendment right to a speedy trial and the public's expectation of timely justice. See Spivey , 357 N.C. at 131 n. 2, 579 S.E.2d at 263 n. 2 (Brady, J., dissenting) ("At some point ... budgetary constraints can no longer justify ... waiting periods for criminal defendants.... [C]rowded dockets ... must eventually yield to both a suspect's Sixth Amendment right to a speedy trial and the public's expectation of timely justice.").
*630 Moreover, the successful and efficient administration of government assumes the legislative branch will fulfill this obligation. Where it fails to do so, it is the fault of the State and judicial oversight must protect an accused's right to a speedy trial. Therefore, this factor should be weighed against the State.
III. Assertion of Right
"A defendant is not required to assert his right to a speedy trial in order to make a speedy trial claim on appeal." Johnson , --- N.C. App. at ----, 795 S.E.2d at 132-33 (citation omitted). However, the "failure to assert his speedy trial right, or his failure to assert the right sooner in the process, does weigh against his contention that he has been denied his constitutional right to a speedy trial." Id . at ----, 795 S.E.2d at 133 (citation and internal quotation marks omitted).
Here, defendant asserted his right to a speedy trial four years and eleven months after he was arrested, and the case was called for trial less than four months later. The eleventh-hour nature of this motion carries only minimal weight in defendant's favor. See id.
IV. Prejudice
I disagree with the majority's conclusion that defendant did not suffer prejudice as a result of the delay. I would hold that defendant established the presumptive prejudice that naturally accompanies an extended pretrial incarceration.
"Prejudice[ ] should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Pippin , 72 N.C. App. at 396, 324 S.E.2d at 906 (alteration, citation and internal quotation marks omitted). The constitutional right to a speedy trial: (i) prevents oppressive pretrial incarceration; (ii) minimizes the accused's anxiety and concern; and (iii) limits the possibility that the defense will be impaired. Id. (citation omitted).
Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.
Id. at 396, 324 S.E.2d at 907 (citations and internal quotation marks omitted).
*631 Here, the majority determined defendant was not prejudiced because defendant's ability to defend his case was not impaired, and defendant did not demonstrate that his incarceration detrimentally impacted his life. While I agree the delay did not impede defendant's ability to defend his case, I would hold that defendant established the presumptive prejudice that naturally accompanies an extended pretrial incarceration. Nonetheless, absent a more concrete showing of actual prejudice, this fourth factor weighs only slightly in defendant's favor.
V. Conclusion
Having considered the Barker factors and the relevant circumstances before the Court, I would hold defendant demonstrated that his constitutional right to a speedy trial was violated. Accordingly, I would reverse the trial court's denial of defendant's motion.

Although the trial court found that "it appears that both parties acted in good faith with one another in scheduling the matters for trial as soon as practicable" after 30 January 2017, this finding, without more, does not suffice to show defendant acquiesced in the delay of his trial until July 2017, particularly given that he filed the motion for speedy trial in March 2017.